UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In Re:

ROBERT ALLEN GIBSON,                            Case No. 23-16430-MAM
a/k/a ROBERT A. GIBSON,                          Chapter 13

               Debtor.

_____/

## MOTION FOR ORDER DETERMINING INAPPLICABILITY OF AUTOMATIC STAY

COMES NOW, Jeffrey M. Siskind ("Movant"), by and through undersigned counsel, and files this Motion for Order Determining Inapplicability of Automatic Stay, and states:

1.      Debtor filed a voluntary petition on March 15, 2023, the purpose of which was in part to delay action in a Palm Beach County state court action, case no. 2018-CA-006574 that was initially styled Robert Gibson v. Jeffrey M. Siskind, in which Debtor was determined to be a vexatious litigant pursuant to Section 68.093, Florida statutes.  See Order attached as "Exhibit A."

2.      Fearing that some of the cases upon which that finding rested had timed out, Movant brought an additional motion in the state court case to again determine that Debtor met the requirement for being adjudicated a vexatious litigant, which is 'bringing or maintaining and losing five cases as a pro se litigant in five years.'  See motion and supporting memorandum attached as composite "Exhibit B."

3.      The state court denied the latter motion as moot because there was already an order on record granting the requested relief.  See "Exhibit C."

4.      Movant next brought a motion requesting that a 'prefiling order' be rendered, the purpose of which is to provide an enforcement mechanism by informing the clerks of court that an individual has been adjudicated a vexatious litigant.  See statute attached as "Exhibit D."

5.      At the hearing on Movant's motion for a prefiling order, Debtor announced that he had filed this Chapter 13 bankruptcy case and was protected against the state court moving forward on Movant's motion for a prefiling order by the automatic stay pursuant to 11 U.S.C. 362(a).  The state court stayed the case.  See order at "Exhibit E."

6.      Movant believes that the automatic stay does not protect against the hearing and disposition of Movant's prefiling order motion because the relief requested does not in any way impact Debtor's bankruptcy estate property.

7.      Movant requests that the Court render a comfort order so that the state court believes that it can adjudicate Movant's motion without violating the automatic stay.

WHEREFORE, Movant requests that the Court determine that the automatic stay does not prohibit the state Court from adjudicating Movant's motion for a prefiling order and render an order stating same that Movant can file in the state court case.

**S I S K I N D , P L L C**

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
1629 K Street NW, Suite 300   Washington, DC  20006
100 Harborview Drive, Third Floor  Baltimore, MD 21230
113 N. Monroe Street, 1st Floor  Tallahassee, Florida  32301
TELEPHONE  (561) 791-9565  FACSIMILE  (561) 791-9581
**Attorney's Personal Email:  jeffsiskind@msn.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion for Order Determining Inapplicability of the Automatic Stay was served on August 18, 2023 upon Debtor's counsel, the Chapter 13 Trustee, the Office of the United States Trustee and all other creditors and interested parties on the attached mailing matrix by CM/ECF or U.S. Mail on August 18, 2023.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

Label Matrix for local noticing
113C-9
Case 23-16430-MAM
Southern District of Florida
West Palm Beach
Fri Aug 18 18:38:29 EDT 2023

Palm Isles I Condominium Association, Inc.
c/o Sachs Sax Caplan, P.L.
6111 Broken Sound Parkway NW
Suite 200
Boca Raton, FL 33487-3644

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Dick Dwyer and Florida Investigators
c/o Siskind Legal PLLC
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Focus Financial Services
Attn: Bankruptcy
Po Box 1050
Boynton Beach, FL 33425-1050

Goldman Sachs Bank USA
Attn: Bankruptcy
Lockbox 6112, PO Box7247
Philadelphia, PA 19170-0001

(p)JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

Jeffrey M. Siskind, PLLC
3465 Santa Barbara Dr
Wellington, FL 33414-7269

Joseph Karam
785 8th Court, Unit 8
Vero Beach, FL 32962-1635

Judith Siskind
3485 Lago De Talavera
Lake Worth, FL 33467-1071

Kelly Landers
c/O Jeffrey M Siskind, Esq.
Siskind, PLLC
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Isles I Condo Assn
c/o Jeremy Dicker, Esq
Sachs Sax Caplan
6111 Broken Sound Pkway NW, Ste 200
Boca Raton, FL 33487-3644

Wells Fargo
Chalres W. Scharf, President
420 Montgomery Street
San Francisco, CA 94104-1207

William LaRoque
c/o Jeffrey Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Brian K. McMahon Esq.
1401 Forum Way., Ste. 730
West Palm Beach, FL 33401-2322

Kelly Landers
c/o Jeffrey Siskind, Esq.
Siskind, PLLC
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Robert A Gibson
2385 Executive Cir Dr.
Suite 100
Boca Raton, FL 33431-8510

Robin R Weiner
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355-9007

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

JP Morgan Chase
3415 Vision Drive
Columbus, OH 43219-6009

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19

EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
- CIRCUIT DIVISION ___A K___

CASE NO.: _2018-CA-006574_

_ROBERT GIBSON_
Plaintiff(s)

VS.

_JEFFREY MARC SISKIND_
Defendant(s)

_____/

**ORDER GRANTING/DENYING**

THIS CAUSE came before the Court on _DEFENDANT'S MOTION TO DETERMINE that ROBERT A. GIBSON IS A VEXATIOUS LITIGATOR AND REQUIRE FURNISHING OF APPROPRIATE SECURITY,_ and the Court having heard argument of counsel and being otherwise fully advised in the premises, it is

**ORDERED** and **ADJUDGED** that said motion be, and the same is hereby **GRANTED**/DENIED. _Plaintiff failed to appear or oppose. THE COURT FINDS THAT $30,000.00 is the APPROPRIATE AMOUNT OF SECURITY TO BE FURNISHED BY PLAINTIFF BASED ON DEFENDANT'S TESTIMONY AND A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGATOR._

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida this _9th_ day of _JuLY_, 20 _19_.

Names and _EMAIL_ addresses of
copies furnished to: _JEFFREY SISKIND AT JEFFSISKIND@MSN.COM, AND Intelexigent@gmail.com FOR ROBERT GIBSON_

_____
Circuit Judge

Feb. 01, 2015                    Page 1 of 1                    Form 50

EXHIBIT B

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

ROBERT GIBSON,

      Plaintiff/Counter-defendant,

v.                                     Case No. 2018-CA-006574

JEFFREY M. SISKIND,

      Defendant/Counter-plaintiff.

_____/

## RENEWED MOTION TO DECLARE THAT ROBERT GIBSON IS A VEXATIOUS LITIGANT AND TO REQUIRE POSTING OF ADEQUATE SECURITY IF PLAINTIFF BRINGS ADDITIONAL CLAIMS AND IS NOT REASONABLY LIKELY TO PREVAIL

COMES NOW, Defendant Jeffrey M. Siskind, and files this Renewed Motion to Declare that Robert Gibson is a Vexatious Litigant and to Require Posting of Adequate Security if Plaintiff Brings Additional Claims and is Not Reasonably Likely to Prevail, and states:

1.      Pursuant to Florida's Vexatious Litigant Law, Fla. Stat. §68.093(2)(d), "vexatious litigant" means a person who, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and adversely determined against such person or entity.

2.      Within the last five years, Plaintiff Robert Gibson has maintained and lost the following seven (7) civil actions that are not governed by small claims rules as a pro se litigant:

      a.      Palm Isles Condominium Association v. Robert Gibson
            Case no. 50-2019-CA-000636-XXXX-MB
            Final foreclosure judgment <u>1-24-2020</u>
            Appealed 4-16-2020; mandate (affirmed) issued 12-3-2021

      b.      Zokaites Properties, LP v. Robert Gibson et al.
            Case no. 50-2016-CA-012892-XXXX-MB
            Robert Gibson participated pro se as an intervening defendant
            Final foreclosure judgment rendered 4-20-2021 (included fees and costs)
            Lost on <u>2-9-2021</u>; final judgment of foreclosure

NOT A CERTIFIED COPY

Appealed (4D21-1244) on 4-5-2021 by Gibson et al.
Mandate (affirmed) issued on 6-16-2023
Additional appeal (4D21-2636) by Robert Gibson only, pro se
Dismissed for lack of prosecution on 5-23-2022

c.    US Bank v. Cesar Aquino
Case no. 2019-CA-001226-XXXX-MB
Defended by Robert Gibson pro se
Lost on 2-22-2021; Final judgment in favor of Plaintiff
Appealed 5-5-2021 by Robert Gibson; mandate issued 1-19-2023

d.    Joseph Abruzzo v. Robert A. Gibson et al.
Case no. 2018-CA-000174-XXXX-MB
Interpleader complaint for tax deed surplus proceeds
Gibson is a pro se defendant
Lost 9-8-2021 by final judgment
Appealed (4D21-2909) by Robert Gibson on 10-8-2021

e.    Helen K. Forbes, PR for John Snow v. Joseph Karam
Case no. 50-2021-CA-010854-XXXX-MB
Counterclaim filed by Robert Gibson on 6-8-2021
Order dismissing counterclaim on 11-1-2021, res judicata
Amended order dismissing counterclaim on 11-10-2021
Appealed (4D21-3505) 12-14-21 by Robert Gibson; dismissed 6-28-2022

f.    Helen K. Forbes, PR for John Snow v. Joseph Karam
Case no. 2018-CP-001919-XXXX-MB
Gibson brought claim, dismissed with prejudice on 8-11-2022
Appealed (4D22-2503) 9-12-22 by Robert Gibson; dismissed on 4-13-23

g.    Robert Gibson v. Jeffrey M. Siskind
Case no. 2018-CA-006574-XXXX-MB
Lost on 8-12-2022; Final Judgment in favor of Defendant
Appealed 9-12-2022 by Robert Gibson; dismissed as prematurely filed

3.    In each of these cases, Plaintiff burdened the courts and opposing parties with non-meritorious claims or defenses.

4.    Section 68.093(4), Florida Statutes provides that a court in any judicial circuit may, on its own motion or on the motion of any party, enter a prefiling order prohibiting a

vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit. Disobedience of such an order may be punished as contempt of court by the administrative judge of that circuit.

5.    Defendant requests that the Court declare that the cases cited herein are sufficient to find that Robert Gibson is a vexatious litigant and enter a prefiling order prohibiting Mr. Gibson from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit.

6.    Section 68.093(3)(a), Florida Statutes permits a Defendant to move for an order requiring the posting of adequate security upon a showing that Plaintiff is a vexatious litigant and is not reasonably likely to prevail on the merits of its action. This court previously imposed a requirement that Plaintiff post $30,000 as adequate security.

7.    In the event that Mr. Gibson is declared a vexatious litigant and brings claims that are not reasonably likely to prevail on their merits, Defendant reserves the right to request that adequate security by required, the amount of which can be determined at a subsequent hearing.

WHEREFORE, Plaintiff requests that the Court declare that Robert Gibson a/k/a Robert Allen Gibson is a vexatious litigant pursuant to Section 69.083, Florida Statutes, and require the posting of security in an appropriate amount if Mr. Gibson brings additional claims that are not reasonable likely to prevail on their merits.

**S I S K I N D ,   P L L C**

*/s/ Jeffrey M. Siskind*
Jeffrey M. Siskind, Esq.   FBN 138746

1629 K Street, Ste. 300, NW   Washington, DC  20006
100 Harborview Drive, Third Floor  Baltimore, MD  23230
3465 Santa Barbara Drive  Wellington, Florida  33414
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
TELEPHONE  (561) 791-9565   FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

## <ins>CERTIFICATE OF SERVICE</ins>

I HEREBY CERTIFY that a true copy of the foregoing notice was served upon Robert Gibson via email to tintelexigent@gmail.com, and to all other parties in interest by Florida's E-filing Portal on July 2, 2023.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

ROBERT GIBSON,

      Plaintiff/Counter-defendant,

v.                                                Case No. 2018-CA-006574

JEFFREY M. SISKIND,

      Defendant/Counter-plaintiff.

_____/

**VERIFIED MEMORANDUM IN SUPPORT OF MOVANT'S RENEWED MOTION TO
DECLARE THAT ROBERT GIBSON IS A VEXATIOUS LITIGANT AND THE
REQUIRE POSTING OF ADEQUATE SECURITY IF PLAINTIFF BRINGS
ADDITIONAL CLAIMS AND IS NOT LIKELY TO PREVAIL**

      COMES NOW the Movant, Jeffrey M. Siskind ("Movant"), and files this Verified

Memorandum in Support of Movant's Renewed Motion to Declare that Robert Gibson

("Gibson") is a Vexatious Litigant and the Require Posting of Adequate Security if Plaintiff

Brings Additional Claims and is Not Likely to Prevail (the "Motion"), and states:

      1.      The following seven cases were summarized as part of undersigned Movant's

Motion.

      2.      The same seven cases are presented below with a brief summary of each action.

      a.      <u>Palm Isles Condo Assoc v. Robert Gibson</u>
                  Case no. 2019-CA-000636
This was a Condominium Association lien foreclosure case in which Gibson acquired
real property of a Client of Movant's law firm based upon his promise that he could save
the Client's property from foreclosure.  He instead rented the condominium to a
handyman, never paid any of the accruing periodic assessments and lost both the case and
his appeal.

      b.      <u>Zokaites Properties, LP v. Robert Gibson et al.</u>
                  Case no. 2016-CA-012892
In this case, Gibson tricked a second mortgagee into violating the foreclosure law in
order to place real property in foreclosure in his name and prevented the owner from
obtaining refinancing.  By extending the foreclosure for more than three years, the first

mortgagee's attorney was awarded more than $300,000 in fees which extinguished all of the equity in the property, which would have been sufficient to pay the second mortgage.

      c.      <u>US Bank v. Cesar Aquino</u>
              Case no. 2019-CA-001226

This was the second of two foreclosures of a house that Mr. Gibson obtained from a defaulting mortgagor on his promise that he would 'save' the defaulting mortgagor's credit. Instead, he moved in and utilized the home as his personal residence for more than fifteen years without making any payments to the mortgagee. Gibson maintained and lost both the lower court case and his appeal.

      d.      <u>Joseph Abruzzo v. Robert A. Gibson</u>
              Case no. 2018-CA-000174

This was an interpleader action to determine the distribution of tax deed sale surplus proceeds and was another case where Gibson convinced a homeowner to transfer title to him in order to 'save' the house from foreclosure. Gibson never paid the mortgage and instead rented the house to friends for years before attempting to participate in the surplus sale proceeds. He maintained and lost both the lower court case and his appeal.

      e.      <u>Helen K. Forbes, PR for John Snow v. Joseph Karam</u>
              Case no. 2021-CA-010854

This was an eviction action brought against Joseph Karam within which Gibson claimed that he was an assignee of the Defendant's rights, pursuant to which he filed and amended counterclaims. He maintained and lost both the counterclaims and his appeal.

      f.      <u>Helen K. Forbes, PR for John Snow v. Joseph Karam</u>
              Case no. 2018-CP-001919

In this case, Gibson brought a claim against a probate estate which he lost, together with the appeal that he filed to try to reverse the lower court decision.

      g.      <u>Robert Gibson v. Jeffrey M. Siskind</u>
              Case no. 2018-CA-006574

This was a malpractice case that Gibson brought against Movant and lost, together with two separate appeals that he filed.

      3.      These case summaries are sufficient to show that Mr. Gibson maintained

and lost at least five cases as a pro se litigant within the last five years.

      4.      Also, attached hereto as Exhibit A is Section 68.093, Florida Statutes,

upon which Movant's Motion is based, with pertinent portions of the full text underlined.

WHEREFORE, Movant prays that the Court provide the relief requested in the Motion.

## S I S K I N D ,   P L L C

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746
3465 Santa Barbara Drive   Wellington, Florida  33414
TELEPHONE  (561) 791-9565   FACSIMILE  (561) 791-9581
Email:  jeffsiskind@msn.com

## VERIFICATION

I HEREBY ATTEST under penalty of perjury that the foregoing statements are true to the best of my knowledge and belief.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum was served upon Robert Gibson via email at intelexigent@gmail.com and to all other parties in interest by Florida's E-filing Portal on July 9, 2023.

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746



EXHIBIT A

**68.093** **Florida Vexatious Litigant Law.—**

(1)¤ This section may be cited as the "Florida Vexatious Litigant Law."

(2)¤ As used in section, the term:

(a)¤ "Action" means a civil action governed by the Florida Rules of Civil Procedure and proceedings governed by the Florida Probate Rules, but does not include actions concerning family law matters governed by the Florida Family Law Rules of Procedure or any action in which the Florida Small Claims Rules apply.

(b)¤ "Defendant" means any person or entity, including a corporation, association, partnership, firm, or governmental entity, against whom an action is or was commenced or is sought to be commenced.

(c)¤ "Security" means an undertaking by a vexatious litigant to ensure payment to a defendant in an amount reasonably sufficient to cover the defendant's anticipated, reasonable expenses of litigation, including attorney's fees and taxable costs.

(d)¤ "Vexatious litigant" means:

1.¤ A person as defined in s. 1.01(3) who, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and adversely determined against such person or entity; or

2.¤ Any person or entity previously found to be a vexatious litigant pursuant to this section.

An action is not deemed to be "finally and adversely determined" if an appeal in that action is pending. If an action has been commenced on behalf of a party by an attorney licensed to practice law in this state, that action is not deemed to be pro se even if the attorney later withdraws from the representation and the party does not retain new counsel.

(3)(a)¤ In any action pending in any court of this state, including actions governed by the Florida Small Claims Rules, any defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion shall be based on the grounds, and supported by a showing, that the plaintiff is a vexatious litigant and is not reasonably likely to prevail on the merits of the action against the moving defendant.

(b)¤ At the hearing upon any defendant's motion for an order to post security, the court shall consider any evidence, written or oral, by witness or affidavit, which may be relevant to the consideration of the motion. No determination made by the court in such a hearing shall be admissible on the merits of the action or deemed to be a determination of any issue in the action. If, after hearing the evidence, the court determines that the plaintiff is a vexatious litigant and is not reasonably likely to prevail on the merits of the action against the moving defendant, the court shall order the plaintiff to furnish security to the moving defendant in an amount and within such time as the court deems appropriate.

(c)▫ If the plaintiff fails to post security required by an order of the court under this section, the court shall immediately issue an order dismissing the action with prejudice as to the defendant for whose benefit the security was ordered.

(d)▫ If a motion for an order to post security is filed prior to the trial in an action, the action shall be automatically stayed and the moving defendant need not plead or otherwise respond to the complaint until 10 days after the motion is denied. If the motion is granted, the moving defendant shall respond or plead no later than 10 days after the required security has been furnished.

(4)▫ In addition to any other relief provided in this section, the court in any judicial circuit may, on its own motion or on the motion of any party, enter a prefiling order prohibiting a vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit. Disobedience of such an order may be punished as contempt of court by the administrative judge of that circuit. Leave of court shall be granted by the administrative judge only upon a showing that the proposed action is meritorious and is not being filed for the purpose of delay or harassment. The administrative judge may condition the filing of the proposed action upon the furnishing of security as provided in this section.

(5)▫ The clerk of the court shall not file any new action by a vexatious litigant pro se unless the vexatious litigant has obtained an order from the administrative judge permitting such filing. If the clerk of the court mistakenly permits a vexatious litigant to file an action pro se in contravention of a prefiling order, any party to that action may file with the clerk and serve on the plaintiff and all other defendants a notice stating that the plaintiff is a pro se vexatious litigant subject to a prefiling order. The filing of such a notice shall automatically stay the litigation against all defendants to the action. The administrative judge shall automatically dismiss the action with prejudice within 10 days after the filing of such notice unless the plaintiff files a motion for leave to file the action. If the administrative judge issues an order permitting the action to be filed, the defendants need not plead or otherwise respond to the complaint until 10 days after the date of service by the plaintiff, by United States mail, of a copy of the order granting leave to file the action.

(6)▫ The clerk of a court shall provide copies of all prefiling orders to the Clerk of the Florida Supreme Court, who shall maintain a registry of all vexatious litigants.

(7)▫ The relief provided under this section shall be cumulative to any other relief or remedy available to a defendant under the laws of this state and the Florida Rules of Civil Procedure, including, but not limited to, the relief provided under s. 57.105.

EXHIBIT C

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

RIOBERT GIBSON,

      Plaintiff/Counter-Defendant,           CASE NO: 502018-CA-006574-XXXX-MB

vs.                                              Division AF

JEFFREY SISKIND,

      Defendant/Counter-Plaintiff.

_____/

**ORDER ON DEFENDANT'S RENEWED MOTION TO DECLARE THAT ROBERT
GIBSON IS A VEXATIOUS LITIGANT AND TO REQUIRE POSTING OF
ADEQUATE SECURITY IF PLAINTIFF BRINGS ADDITIONAL
CLAIMS AND IS NOT REASONABLY LIKELY TO PREVAIL**

      **THIS CAUSE** came before the Court on July 13, 2023 at 8:30 a.m. upon Defendant/Counter-

Plaintiff's Renewed Motion to Declare that Robert Gibson is a Vexatious Litigant and to Require

Posting of Adequate Security if Plaintiff Brings Additional Claims and is Not Reasonably Likely

to Prevail (the ?Motion"). The Court having considered the motion, reviewed the Court file, and being

otherwise fully informed in the premises, does hereby

      **ORDER AND ADJUDGE**, that the Motion is **DENIED AS MOOT** because there is already

within the record an order addressing the requested relief.

      **DONE AND ORDERED** in Palm Beach County, Florida.

502018CA006574XXXXMB   07/13/2023
Carolyn Bell
Circuit Judge

NOT A CERTIFIED COPY

Copies to:
Jeffrey M. Siskind, Esquire via email to jeffsiskind@msn.com
Robert Gibson, pro se via email to intelexigent@gmail.com



EXHIBIT D

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

RIOBERT GIBSON,

      Plaintiff/Counter-Defendant,      CASE NO:
                                        502018-CA-006574-XXXX-MB

vs.                                   Division AF

JEFFREY SISKIND,

      Defendant/Counter-Plaintiff.

_____/

**MOTION FOR ENTRY OF A PREFILING ORDER**

    Defendant/Counter-Plaintiff, Jeffrey M. Siskind ("Movant"), files this

Motion for Entry of a Prefiling Order, and states:

    1.    The Honorable James Martz ruled that Robert Gibson is a

vexatious litigant, as reflected by his order rendered on July 9, 2019 in this

case.  See "Exhibit A."

    2.    On May 14, 2020, the Honorable John S. Kastrenakes rendered an

order that denied relief on the merits which Mr. Gibson requested in an

Amended Motion for Rehearing under Florida Rules of Civil Procedure 1.530

and stated in a footnote that the matter pertaining to whether Robert Gibson is

a vexatious litigant matter 'appeared' to be "moot given this Order finally

adjudicating Plaintiff's Complaint as time barred."  See "Exhibit B."

    3.    On July 13, 2023, this Court determined that undersigned

counsel's Renewed Motion to Declare that Robert Gibson is a Vexatious Litigant

and Require the Posting of Adequate Security if Plaintiff Brings Additional

Claims and is Not Likely to Prevail was moot because there already existed an order addressing the relief requested therein.  See "Exhibit C."

4      Based upon the apparent finality of the already existing orders, Movant requests that the Court render a Prefiling Order prohibiting Mr. Gibson from commencing, pro se, any new action in the courts of this circuit without first obtaining leave of this circuit's administrative judge.

5.      This relief is contemplated by Section 68.093(4), Florida Statutes and is intended to prevent misuse of the courts.  See the full text of Section 68.093 with pertinent portions underlined attached as "Exhibit D."

WHEREFORE, Movant requests that the Court render an appropriate Prefiling Order as contemplated by Section 68.093, Florida Statutes.

**S I S K I N D ,  P L L C**

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire  FBN 138746
3465 Santa Barbara Drive  Wellington, FL  33414
TEL   (561) 791-9565  FAX     (561) 791-9581
Email:        jeffsiskind@msn.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this Response to Motion to Withdraw was served upon Defendant Robert Gibson, 1709 22nd Avenue North, Lake Worth Beach, FL  33460 via email to intelexigent@gmail.com this 13th day of July, 2023.

___/s/ Jeffrey M. Siskind___
Jeffrey M. Siskind, Esquire
FBN 138746



# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA
- CIRCUIT DIVISION ___A K___

CASE NO.: _2018-CA-006574_

_ROBERT GIBSON_
    Plaintiff(s)

VS.

_JEFFREY MARC SISKIND_
    Defendant(s)

_____/

**ORDER GRANTING/DENYING**

THIS CAUSE came before the Court on ꞏ _DEFENDANT'S MOTION TO_
_DETERMINE THAT ROBERT A. GIBSON IS A VEXATIOUS_
_LITIGATOR AND REQUIRE FURNISHING OF APPROPRIATE_
_SECURITY,_
and the Court having heard argument of counsel and being otherwise fully advised in the
premises, it is
    **ORDERED** and **ADJUDGED** that said motion be, and the same is hereby
(**GRANTED**)/**DENIED**. _Plaintiff failed to appear or oppose this motion_
_THE COURT FINDS THAT $30,000.00 is the_
_APPROPRIATE AMOUNT OF SECURITY TO BE FURNISHED_
_BY PLAINTIFF BASED ON DEFENDANT'S TESTIMONY_
_AND A FINDING THAT PLAINTIFF IS A VEXATIOUS LITIGATOR._

    **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,
Florida this _9th_ day of _JULY_ , 20 _19_ .

Names and addresses of _EMAIL_
copies furnished to: _JEFFREY SISKIND AT_
_JEFFSISKIND@MSN.COM, AND_
_intelexigent @ gmail.com_
_FOR ROBERT GIBSON_
                                Circuit Judge

Feb. 01, 2015                 Page 1 of 1                     Form 50

NOT A CERTIFIED COPY



EXHIBIT B

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CIVIL DIVISION    DIV:  "AF"

CASE NO.:    2018CA006574AXX

ROBERT GIBSON,
    Plaintiff,

vs.

JEFFREY MARC SISKIND,
    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR REHEARING UNDER FLORIDA RULES OF CIVIL PROCEDURE 1.530

**THIS CAUSE** came before the Court on Plaintiff Robert Gibson's ("Plaintiff") Amended Motion for Rehearing Under Florida Rules of Civil Procedure 1.530 (DE #227), filed May 13, 2020.  The Court, having carefully reviewed Plaintiff's Amended Motion for Rehearing, as well as the attachments thereto, the original Order Granting Defendant's Amended Motion for Summary Judgment (DE #76), entered February 6, 2019 by the Honorable Meenu T. Sasser, as well as the bases therefore, Plaintiff's Motion for Rehearing (DE #84), filed February 21, 2019, Defendant Jeffrey Marc Siskind's ("Defendant") Response thereto (DE #81), filed February 22, 2019, Defendant's Supplemental Response (DE #112), filed March 21, 2019, Defendant's multiple subsequent Motions to Deny Reconsideration (DE # 196, #217, 220), filed April 3, 2020, April 15, 2020, and May 1, 2020, respectively, and being otherwise fully advised in the premises, it is hereby

**ORDERED** and **ADJUDGED** that Plaintiff Robert Gibson's Amended Motion for Rehearing Under Florida Rules of Civil Procedure 1.530 is **DENIED.**[1]  It is further

---

[1]  This Order does not address nor dispose of Plaintiff's pending Motion for Reconsideration of the Court's previous Order declaring Robert Gibson to be a vexatious litigant pursuant to Florida

ORDERED and ADJUDGED that Plaintiff's Complaint in this matter is **DISMISSED**

**WITH PREJUDICE.**

DONE and ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida,

this ___14___ day of May, 2020.

JOHN S. KASTRENAKES
Circuit Judge

COPIES PROVIDED:

Robert Gibson, *Pro Se*
1709 22nd Avenue North
Lake Worth, FL   33401
intelexigent@gmail.com

Jeffrey M. Siskind, Esq., *Pro Se*
3465 Santa Barbara Drive
Wellington, FL   33414
jeffsiskind@msn.com

NOT A CERTIFIED COPY
NOT A CERTIFIED COPY

---

Law.  It would appear that matter is now moot given this Order finally adjudicating Plaintiff's
Complaint as time barred.

2



EXHIBIT C

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR PALM BEACH COUNTY, STATE OF FLORIDA**

RIOBERT GIBSON,

      Plaintiff/Counter-Defendant,             CASE NO: 502018-CA-006574-XXXX-MB

vs.                                       Division AF

JEFFREY SISKIND,

      Defendant/Counter-Plaintiff.

_____/

### ORDER ON DEFENDANT'S RENEWED MOTION TO DECLARE THAT ROBERT GIBSON IS A VEXATIOUS LITIGANT AND TO REQUIRE POSTING OF ADEQUATE SECURITY IF PLAINTIFF BRINGS ADDITIONAL CLAIMS AND IS NOT REASONABLY LIKELY TO PREVAIL

**THIS CAUSE** came before the Court on July 13, 2023 at 8:30 a.m. upon Defendant/Counter-Plaintiff's Renewed Motion to Declare that Robert Gibson is a Vexatious Litigant and to Require Posting of Adequate Security if Plaintiff Brings Additional Claims and is Not Reasonably Likely to Prevail (the ?Motion"). The Court having considered the motion, reviewed the Court file, and being otherwise fully informed in the premises, does hereby

**ORDER AND ADJUDGE**, that the Motion is **DENIED AS MOOT** because there is already within the record an order addressing the requested relief.

**DONE AND ORDERED** in Palm Beach County, Florida.

502018CA006574XXXXMB    07/13/2023
Carolyn Bell    Circuit Judge

502018CA006574XXXXMB    07/13/2023
Carolyn Bell
Circuit Judge

Copies to:
Jeffrey M. Siskind, Esquire via email to jeffsiskind@msn.com
Robert Gibson, pro se via email to intelexigent@gmail.com



NOT A CERTIFIED COPY



EXHIBIT D

**68.093   Florida Vexatious Litigant Law.—**

(1)   This section may be cited as the "Florida Vexatious Litigant Law."

(2)   As used in section, the term:

(a)   "Action" means a civil action governed by the Florida Rules of Civil Procedure and proceedings governed by the Florida Probate Rules, but does not include actions concerning family law matters governed by the Florida Family Law Rules of Procedure or any action in which the Florida Small Claims Rules apply.

(b)   "Defendant" means any person or entity, including a corporation, association, partnership, firm, or governmental entity, against whom an action is or was commenced or is sought to be commenced.

(c)   "Security" means an undertaking by a vexatious litigant to ensure payment to a defendant in an amount reasonably sufficient to cover the defendant's anticipated, reasonable expenses of litigation, including attorney's fees and taxable costs.

(d)   "Vexatious litigant" means:

1.   A person as defined in s. 1.01(3) who, in the immediately preceding 5-year period, has commenced, prosecuted, or maintained, pro se, five or more civil actions in any court in this state, except an action governed by the Florida Small Claims Rules, which actions have been finally and adversely determined against such person or entity; or

2.   Any person or entity previously found to be a vexatious litigant pursuant to this section.

An action is not deemed to be "finally and adversely determined" if an appeal in that action is pending. If an action has been commenced on behalf of a party by an attorney licensed to practice law in this state, that action is not deemed to be pro se even if the attorney later withdraws from the representation and the party does not retain new counsel.

(3)(a)   In any action pending in any court of this state, including actions governed by the Florida Small Claims Rules, any defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion shall be based on the grounds, and supported by a showing, that the plaintiff is a vexatious litigant and is not reasonably likely to prevail on the merits of the action against the moving defendant.

(b)   At the hearing upon any defendant's motion for an order to post security, the court shall consider any evidence, written or oral, by witness or affidavit, which may be relevant to the consideration of the motion. No determination made by the court in such a hearing shall be admissible on the merits of the action or deemed to be a determination of any issue in the action. If, after hearing the evidence, the court determines that the plaintiff is a vexatious litigant and is not reasonably likely to prevail on the merits of the action against the moving defendant, the court shall order the plaintiff

to furnish security to the moving defendant in an amount and within such time as the court deems appropriate.

(c)  If the plaintiff fails to post security required by an order of the court under this section, the court shall immediately issue an order dismissing the action with prejudice as to the defendant for whose benefit the security was ordered.

(d)  If a motion for an order to post security is filed prior to the trial in an action, the action shall be automatically stayed and the moving defendant need not plead or otherwise respond to the complaint until 10 days after the motion is denied. If the motion is granted, the moving defendant shall respond or plead no later than 10 days after the required security has been furnished.

(4)  In addition to any other relief provided in this section, the court in any judicial circuit may, on its own motion or on the motion of any party, enter a prefiling order prohibiting a vexatious litigant from commencing, pro se, any new action in the courts of that circuit without first obtaining leave of the administrative judge of that circuit. Disobedience of such an order may be punished as contempt of court by the administrative judge of that circuit. Leave of court shall be granted by the administrative judge only upon a showing that the proposed action is meritorious and is not being filed for the purpose of delay or harassment. The administrative judge may condition the filing of the proposed action upon the furnishing of security as provided in this section.

(5)  The clerk of the court shall not file any new action by a vexatious litigant pro se unless the vexatious litigant has obtained an order from the administrative judge permitting such filing. If the clerk of the court mistakenly permits a vexatious litigant to file an action pro se in contravention of a prefiling order, any party to that action may file with the clerk and serve on the plaintiff and all other defendants a notice stating that the plaintiff is a pro se vexatious litigant subject to a prefiling order. The filing of such a notice shall automatically stay the litigation against all defendants to the action. The administrative judge shall automatically dismiss the action with prejudice within 10 days after the filing of such notice unless the plaintiff files a motion for leave to file the action. If the administrative judge issues an order permitting the action to be filed, the defendants need not plead or otherwise respond to the complaint until 10 days after the date of service by the plaintiff, by United States mail, of a copy of the order granting leave to file the action.

(6)  The clerk of a court shall provide copies of all prefiling orders to the Clerk of the Florida Supreme Court, who shall maintain a registry of all vexatious litigants.

(7)  The relief provided under this section shall be cumulative to any other relief or remedy available to a defendant under the laws of this state and the Florida Rules of Civil Procedure, including, but not limited to, the relief provided under s. 57.105.

# EXHIBIT E

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AF"
CASE NO.: 50-2018-CA-006574-XXXX-MB

ROBERT GIBSON,
     Plaintiff/Petitioner
vs.
JEFFREY MARC SISKIND,
     Defendant/Respondent.
_____/

### ORDER STAYING CASE FOR BANKRUPTCY AND DIRECTING CLERK TO CHANGE CASE STATUS
(SGBK)

**THIS CAUSE** came before the Court on **August 17, 2023**. Based upon a review of the file and pursuant to AOSC 16-15 and the Court being otherwise fully advised in the premise, it is

**ORDERED AND ADJUDGED** that this case will be STAYED FOR RESOLUTION OF THE BANKRUPTCY of Robert Gibson, United States Bankruptcy Court for the Southern District of Florida, case number 23-16430, filed August 15, 2023, and of Jeffrey Siskind, United States Bankruptcy Court for the Central District of California, case no. 23-2:23-bk-11720-VZ, filed March 27, 2023.

The Parties will monitor each bankruptcy and file the appropriate documents with the Clerk and Comptroller within ten (10) days of resolution of both Bankruptcy Cases or lifting of the automatic stay in any Bankruptcy Court as it relates to this matter.  If the Bankruptcy Cases have not resolved by January 1, 2024, each party shall file a Status Report advising the Court of the status of both bankruptcy cases and any potential relief from stay relating to this matter. Failure to abide by this Order may result in sanctions including dismissal or default.
    It is

**FURTHER ORDERED AND ADJUDGED**  that the Clerk will change the Status of the Case from ACTIVE to INACTIVE using SGBK code for reporting purposes.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

Case No. 50-2018-CA-006574-XXXX-MB

50-2018-CA-006574-XXXX-MB    08/17/2023
Carolyn Bell
Circuit Judge

**COPIES TO:**

| | | |
|---|---|---|
| JEFFREY M. SISKIND ESQ | 3465 SANTA BARBARA DR WEST PALM BEACH, FL 33414 | JEFFSISKIND@MSN.COM jeffsiskind@gmail.com |
| ROBERT GIBSON | 1709 22 AVE. NORTH LAKE WORTH, FL 33460 | intelexigent@gmail.com |

Page **2** of **2**