UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In Re:

ROBERT ALLEN GIBSON,                              Case No. 23-16430-MAM
a/k/a ROBERT A. GIBSON,                           Chapter 13

                Debtor.
_____/

## <u>MOTION FOR ORDER CANCELLING ASSIGNMENT</u><br><u>AND TO RESTORE CAUSE OF ACTION TO MOVANT</u>

COMES NOW, Kelly Landers ("Movant"), by and through undersigned counsel, and files this Motion for Order Cancelling Assignment and to Restore Cause of Action to Movant, and states:

1.      Movant filed a complaint against Debtor in the Circuit Court of Palm Beach County, Florida on May 24, 2022 seeking to invalidate an assignment of Movant's interests in a cause of action against Truist Bank f/k/a SunTrust Bank.

2.      The state court case styled Kelly Landers v. Robert Gibson, case no. 50-2022-CA-005010-XXXX-MB, was pending when Debtor filed its petition for relief.

3.      After executing assignment documents drafted by Debtor, Movant learned that the assignment documents were determined in another state court case styled In Re John Thomas Snow, probate case no. 50-2018-CP-001919-XXXX-MB to be not just illegal and unenforceable but a means utilized by the Debtor to engage in the unlicensed practice of law.

4.      Movant also learned that Debtor has used similar illegal assignments to defraud others by using the illegal assignments to collect substantial funds without adhering to the terms of the assignments and related business agreements that called for advances to Debtor to be repaid before the collected proceeds were shared.

5.      In each of several cases filed against the Debtor in state court, the Debtor assured

victims like Movant that the assignments were valid and enforceable, and were necessasry to

obtain Debtor's lawful services because Debtor was not an attorney.

6.      Inasmuch as the Debtor is now subject to the jurisdiction of this Court, Movant

requests that the Court find that the assignment documents provided by the Debtor to Movant are

sufficiently similar to those used by the Debtor in the Snow case where Judge Renatha S.

Francis, who was then on the Fifteenth Circuit bench, determined that they were illegal and

unenforceable, and where the use of them amounted to a felony.

7.      Attached hereto as "Exhibit A" is Movant's state court complaint and attached

exhibits that include the illegal assignment documents and the order in the Snow case.  Attached

as "Exhibit B" is the the Debtor's claim and assignment that Justice Francis determined  was

fraudulent in the Snow case. Attached as "Exhibit C" is the Florida Supreme Court Advisory

Opinion in Shore v. Wall that determined that assignments used by the Debtor constituted the

unlawful practice of law.

WHEREFORE, Movant requests that the Court declare that the assignment used by the

Debtor to acquire an interest in Movant's cause of action against Trust Bank is illegal and

unenforceable, and that the cause of action that was purportedly assigned belongs to Movant, and

for such other and further relief as appropriate.

.

# S I S K I N D ,  P L L C

_____/s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
1629 K Street NW, Suite 300   Washington, DC  20006
100 Harborview Drive, Third Floor  Baltimore, MD 21230
113 N. Monroe Street, 1st Floor  Tallahassee, Florida  32301
TELEPHONE  (561) 791-9565  FACSIMILE  (561) 791-9581
**Attorney's Personal Email:  jeffsiskind@msn.com**

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Motion to Cancel Assignment and to Restore Cause of Action to Movant was served on September 24, 2023 upon Debtor's counsel, the Chapter 13 Trustee, the Office of the United States Trustee and all other creditors and interested parties on the attached mailing matrix.

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

# EXHIBIT A

Filing # 150239663 E-Filed 05/24/2022 06:43:30 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

KELLY LANDERS,

      Plaintiff,

v.                         Case No. _____

ROBERT ALLEN GIBSON,

      Defendant.

_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

*NOTICE: THIS MATTER IS RELATED TO CASE NO. 2018-CA-012099*

      KELLY LANDERS, Plaintiff, by and through undersigned counsel, files this Complaint

for Declaratory and Injunctive Relief against Defendant ROBERT ALLEN GIBSON, and states:

      1.     This matter involves a dispute with a value exceeding $30,000 exclusive of

attorneys' fees and costs.

      2.     At all relevant times, the parties resided in Palm Beach County, Florida, where

Defendant continues to reside and do business.

      3.     The actions which are the subject of this suit all occurred in Palm Beach County,

Florida.

      4.     On or about August 21, 2020, Plaintiff executed an Amended Acknowledgment

of Assignment of Cause(s) of Action which was followed on January 19, 2021 by an Amended

and Updated Acknowledgment of Assignment of Cause of Action ("Assignments") which

purported to assign all of Plaintiff's interests in a cause of action against Truist Bank (formerly

SunTrust Bank) to Robert Gibson.

      5.     Plaintiff's causes of action consisted of claims that Truist withheld funds that

rightfully belonged to Plaintiff.

6.      The Assignments, and a preceding Preliminary Agreement for Purchase of Cause

of Action ("Preliminary Agreement") dated August 10, 2017 were prepared by Defendant for

Plaintiff's signature after Defendant induced Plaintiff to rely upon Defendant as Plaintiff's

attorney.

7.      Plaintiff believed that these documents are illegal and unenforceable.  Attached

hereto are the (1) Amended and Updated Assignment attached as "Exhibit A," (2) Preliminary

Agreement attached as "Exhibit B," (3) an unsigned Acknowledgment of Assignment of Causes

of Action attached as "Exhibit C," (4) an unsigned Amended Acknowledgment  of Assignment

of Causes of Action attached as "Exhibit D," (5) a similar assignment used by Defendant in two

other cases where it was declared to be an illegal and unenforceable method used by Defendant

to practice law without a license attached as "Exhibit E," and (6) an order rendered by the

Honorable Renatha S. Francis which held that the similar assignment was illegal and

unenforceable attached as "Exhibit F."

8.      Plaintiff seeks a judgment declaring said agreements used by Defendant in this

case to be illegal and unenforceable, as was the substantially similar assignment determined to be

in  *In Re John Thomas Snow*, Palm Beach County probate case no. 2018-CP-001919.  Because

Defendant currently purports to 'own' Plaintiff's judgment based upon illegal document(s), there

is a bone fide, actual, present and practical need for a declaration that the basis for Defendant's

assertion is untenable as a matter of law.  The relief sought best serves the public interest by

putting a stop to Defendant's unlicensed practice of law which is a felony in Florida.

9.      Plaintiff also seeks equitable relief in the form of an injunction prohibiting

Defendant from attempting to benefit by using said documents.  Injunctive relief is appropriate

because Plaintiff has no adequate remedy at law, the real possibility of irreparable harm, the

likelihood that Plaintiff will succeed in this lawsuit, and the best interests of the public being best served by granting the relief sought.

10.     At the time that Plaintiff signed both documents, Plaintiff believed that they were lawful agreements because Defendant so informed Plaintiff.  In this manner, Defendant fraudulently induced Plaintiff to enter in to both agreements.

11.     Plaintiff also seeks damages against Defendant in an amount sufficient to compensate Plaintiff for costs sustained by Plaintiff that are attributable to Plaintiff's unlawful actions and but for said actions would not have occurred.

WHEREFORE, Plaintiff requests that the Court declare each Acknowledgment of Assignment of Cause(s) of Action and the Preliminary Agreement for Purchase of Cause of Action to be illegal and unenforceable, enjoin Defendant from seeking to obtain any benefit therefrom, and find in favor of Plaintiff for damages in an amount sufficient to cover costs as a result of Defendant's unlawful actions.

Submitted this 24th day of May, 2022.

**S I S K I N D   L E G A L , P L L C**
ATTORNEYS & CONSULTANTS

_____ /s/ Jeffrey M. Siskind_____
Jeffrey M. Siskind, Esq.   FBN 138746
ATTORNEY FOR PLAINTIFF

1629 K Street, Ste. 300, NW   Washington, DC  20006
113 N. Monroe Street, 1st Floor  Tallassee, Florida  32301
3465 Santa Barbara Drive  Wellington, Florida  33414

TELEPHONE  (561) 791-9565
FACSIMILE   (561) 791-9581
Email:  jeffsiskind@msn.com

EXHIBIT A

NOT A CERTIFIED COPY

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

ROBERT GIBSON as assignee of
KELLY LANDERS,

          Plaintiff,

v.

SUNTRUST BANK n/k/a Truist Financial,
a/k/a Truist Bank,

          Defendants.

_____/

Case No. 50-2018-CA-012099-XXXX-MB

**AMENDED AND UPDATED**
**ACKNOWLEDGMENT**
**OF**
**ASSIGNMENT**
**OF**
**CAUSE(S) OF ACTION**

COMES NOW KELLY LANDERS, the original claimant in the within described matter and hereby provides the following in support of this AMENDED AND UPDATED ACKNOWLEDG-MENT OF ASSIGNMENT OF CAUSE(S) OF ACTION:

    1.  THAT on or about September 26, 2013, through counsel, I delivered to Elizabeth A. Giles, Vice President and Branch Manager of the Palm Beach branch of SunTrust Bank, now known as Truist Financial ("Truist"), Nine Thousand Dollars ($9,000.00) in cash agreed in writing to be interplead along with Thirteen Thousand Eighty-Nine Dollars ($13,089.00) of other funds held by Truist.

    2.  THAT SunTrust has failed to interplead said funds or deposit same into the court registry as promised, despite numerous requests and demands to Truist from my attorney at that time, Jeffrey Marc Siskind, to do so.

    3.  THAT on or about August 9, 2017, through the initial version of this ACKNOWLEDGMENT OF ASSIGNMENT OF CAUSE(S) OF ACTION, and contemporaneously executed PRELIMINARY AGREEMENT FOR PURCHASE OF CAUSE OF ACTION, I irrevocably transferred and assigned all title, right, and interest in the resulting cause(s) of action along with any and all further arising cause(s) of action relating to this matter to Robert Gibson with a mailing address at that time of 525

South Flagler Drive, Suite 501, West Palm Beach, FL 33401, along with full authorization to litigate, recover, compromise, settle and enforce said cause(s) of action and their resulting judgment(s).

4.   THAT on or about September 24, 2018, Robert Gibson brought this action in his name against SUNTRUST BANK now known as Truist Bank, but through his professed inadvertence, neglected to attach a copy of the acknowledgment.

5.   THAT on or about August 21, 2020, through an AMENDED ACKNOWLEDGMENT OF ASSIGNMENT OF CAUSE(S) OF ACTION, I reaffirmed my initial assignment along with a correction of an earlier typographical date error in the complaint recognized by Defendant.

6.   THAT through this filing, and in light of the above, I hereby ratify all previous assertions made in this action and acknowledge that all title, right and interest in the resulting cause(s) of action along with any and all further arising cause(s) of action relating to this matter has/have been and is/are hereby irrevocably transferred without recourse to Robert Gibson of 1709 22nd Ave North Lake Worth Beach, FL 33460.

7.   THAT Assignee, Robert Gibson, by virtue of his ownership thereof, continues to be authorized to litigate, recover, compromise, settle and enforce said cause(s) of action and their resulting judgment(s).

Signed this 19th day of January, 2021
at Palm Beach County, Florida.

*Kelly Landers*
Kelly Landers, Original Claimant

SWORN TO BEFORE ME, this 19th day of January 2021

Notary Public - State of Florida

JUNY GUIFARRO SOLIS
Notary Public-State of Florida
Commission # GG 934889
My Commission Expires
November 26, 2023

2

EXHIBIT B

## PRELIMINARY AGREEMENT FOR PURCHASE OF CAUSE OF ACTION

THIS AGREEMENT regarding the herein referenced civil cause(s) of action, is entered into between the parties, Kelly Landers of P.O. Box 2031, Palm Beach, FL  33480, herein after referred to as "ASSIGNOR/SELLER" and Robert Gibson (Gibson) of 1709 22nd Ave. N., Lake Worth, FL  33460 herein after referred to as "ASSIGNEE/ BUYER."

ASSIGNOR/SELLER hereby agrees, for Ten Dollars ($10.00), receipt for which is hereby acknowledged along with other good and valuable consideration as described herein, to sell and assign, irrevocably and without lien or recourse, all rights, title and interests in the described cause(s) of action inuring to and currently held by ASSIGNOR/SELLER against:

PEGGY LANDERS,
SUNTRUST BANK,
MICHAEL GENDUSO,
JOHN BARRY, ESQ.,
ELIZABETH A. GILES,

along with any and all other entities for which causes of action arise as a direct or indirect result of the subject matter concerning cash and/or other personal property and/or transactions otherwise resulting in having banked at SunTrust Bank, along with any and all cause(s) of action further arising out of the actions filed.

From the date of this fully executed agreement, ASSIGNEE/BUYER obtains and accepts complete ownership of the cause(s) of action contained herein. ASSIGNOR/ SELLER, from the date of this fully executed agreement, will cease and desist all efforts to collect on the debt underlying the cause(s) of action described and recognize that this sale is final and ASSIGNEE/BUYER has total and exclusive right to collect, compromise, sell or further assign said judgment at his discretion.

ASSIGNOR/SELLER warrants and affirms that to the best of her knowledge, her title to, and interest in the transactions herein described and resultant cause(s) of action are valid and legally enforceable, not subject to any stay, and have not been discharged in any bankruptcy proceeding or otherwise satisfied or canceled.

ASSIGNOR/SELLER affirms that she has not received any undisclosed partial payment in satisfaction of the described causes of action from the above-named parties or any other source, and will immediately notify ASSIGNEE/BUYER of any future receipts, and will, within two (2) business days, remit to ASSIGNEE/BUYER all said receipts.

It is agreed that ASSIGNEE/BUYER will initiate and direct any collection and/or litigation efforts and that any costs items including but not limited to attorney's fees incurred or advanced out of pocket will be reimbursed in first priority with regard to any monies

collected, after which monies collected will be distributed on a 50/50 basis between ASSIGNOR/SELLER and ASSIGNEE/BUYER within 10 business days of collection.

ASSIGNOR/SELLER agrees that this agreement, while binding and enforceable, is preliminary, and that additional documents including affidavit(s) evidencing the assignment of the subject cause(s) of action will be necessary to fully prosecute the subject action, and that he agrees to execute any and all documents presented that are reasonably necessary to that end.

By signing this agreement, the undersigned ASSIGNOR/SELLER acknowledges that he has read, fully understands, and accepts this agreement, and is a duly authorized representative with all powers required to execute this agreement.

Executed this 10th day of August 2017.

Kelly Landers

_____
ASSIGNOR/SELLER (Landers)

Robert Gibson

_____
ASSIGNEE/BUYER (Gibson)

EXHIBIT C

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

ROBERT GIBSON as assignee of
KELLY LANDERS,                                   Case No.

                    Plaintiff,
                                                 **ACKNOWLEDGMENT**
v.                                               **OF**
                                                 **ASSIGNMENT**
SUNTRUST BANK,                                   **OF**
                                                 **CAUSE(S) OF ACTION**
                    Defendants.

_____/

**ACKNOWLEDGMENT**

COMES NOW KELLY LANDERS, the original claimant in the within described matter and
hereby provides the following in support of an ASSIGNMENT OF CAUSE(S) OF ACTION:

1.   THAT on or about September 26, 2013, through counsel I delivered to Elizabeth A.
Giles, Vice President and Branch Manager of the Palm Beach branch of SunTrust Bank, Nine
Thousand Dollars ($9,000.00) to be interplead along with Thirteen Thousand Eighty-Nine
Dollars ($13,089.00) of other funds held by SunTrust.

2.   THAT SunTrust has failed to interplead said funds or deposit same into the court registry
as promised, despite numerous requests and demands from counsel for SunTrust to do so.

3.   THAT all title, right, and interest in the resulting cause(s) of action along with any and all
further arising cause(s) of action relating to this matter is/are hereby irrevocably transferred
jointly and without recourse, to Robert Gibson of 525 South Flagler Drive, Suite 501, West Palm
Beach, FL  33401.

4.   THAT Assignee, Robert Gibson is authorized to litigate, recover, compromise, settle, and
enforce said cause(s) of action and their resulting judgment.

_____  _____

NOT A CERTIFIED COPY

Signed this 9th day of August, 2017 at West Palm Beach, Florida.

_____

Kelly Landers, Original Claimant


SWORN TO BEFORE ME, this 9th day of August,
2017

_____

Notary Public - State of Florida

NOT A CERTIFIED COPY

2

EXHIBIT D

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

ROBERT GIBSON as assignee of
KELLY LANDERS,

                Plaintiff,

v.

SUNTRUST BANK n/k/a Truist Financial,
a/k/a Truist Bank,

                Defendants.

_____/

Case No. 50-2018-CA-012099-XXXX-MB

**AMENDED ACKNOWLEDGMENT
OF
ASSIGNMENT
OF
CAUSE(S) OF ACTION**

COMES NOW KELLY LANDERS, the original claimant in the within described matter and hereby provides the following in support of this AMENDED ASSIGNMENT OF CAUSE(S) OF ACTION:

1. THAT on or about September 26, 2013, through counsel, I delivered to Elizabeth A. Giles, Vice President and Branch Manager of the Palm Beach branch of SunTrust Bank, now known as Truist Financial ("Truist"), Nine Thousand Dollars ($9,000.00) in cash agreed in writing to be interplead along with Thirteen Thousand Eighty-Nine Dollars ($13,089.00) of other funds held by Truist.

2. THAT SunTrust has failed to interplead said funds or deposit same into the court registry as promised, despite numerous requests and demands to Truist, from my attorney, at that time time, Jeffrey Marc Siskind, to do so.

3. THAT on or about August 9, 2017, through an earlier version of this acknowledgment, I irrevocably transferred and assigned all title, right, and interest in the resulting cause(s) of action along with any and all further arising cause(s) of action relating to this matter to Robert Gibson with a mailing address, at that time, of 525 South Flagler Drive, Suite 501, West Palm Beach, FL

33401, along with full authorization to litigate, recover, compromise, settle, and enforce said cause(s) of action and their resulting judgment(s).

4.   THAT on or about September 24, 2018, Robert Gibson brought this action in his name against Truist, but through his professed inadvertence, neglected to attach a copy of the acknowledgment.

5.   THAT through this filing, with the exception of the typographical date error recognized by Defendant, I hereby ratify all previous assertions made in this action and acknowledge that all title, right, and interest in the resulting cause(s) of action along with any and all further arising cause(s) of action relating to this matter has/have been and is/are hereby irrevocably transferred without recourse, to Robert Gibson of 1709 22nd Ave North Lake Worth Beach, FL  33460.

6.   THAT Assignee, Robert Gibson, by virtue his ownership thereof, continues to be authorized to litigate, recover, compromise, settle, and enforce said cause(s) of action and their resulting judgment.

Signed this 21st day of August 2020
at Palm Beach County, Florida.

_____
Kelly Landers, Original Claimant

SWORN TO BEFORE ME, this 21st day of August 2020

_____
Notary Public - State of Florida

2

EXHIBIT E

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN SNOW.,

      Plaintiff:

v

    JOSEPH PHILIP KARAM,

      Defendant

CASE NO.: 502018CC001229XXXXMB
CIVIL DIVISION: RJ

ACKNOWLEDGMENT
OF ASSIGNMENT
OF CAUSE(S) OF ACTION

COMES NOW Joseph P. Karam, Jr., the Defendant in the above styled action, and hereby provides the following in support of this ASSIGNMENT OF CAUSE OF ACTION:

1.  THAT on or about November 8, 2017, John Snow, erected, or caused to be erected a plywood barrier to restroom facilities, along with preventing access to electrical panel for the facilities occupied by Joseph Karam d/b/a Skank Bikes.

2.  THAT on or about January 26, 2017, Plaintiff filed, through counsel, his complaint for declaratory relief against Defendant to which Defendant asserts the counterclaim of wrongful eviction.

3.  THAT all title, right, and interest in the within described cause of action and resultant judgment for damages against John Snow, along with any and all further and subsequently arising causes of action relating to this matter are hereby irrevocably transferred without recourse, to Robert Gibson of 1709 22 Ave. N. Lake Worth, FL 33460 pursuant to an agreement for purchase of cause of action executed on even date.

4.  THAT Assignee, Robert Gibson is authorized to bring legal action to litigate said cause(s) of action and recover, compromise, settle, and enforce any resultant judgment.

Signed this 20th day of February, 2018 at Palm Beach County, Florida.

SWORN TO BEFORE ME, this 20th day of
February, 2018

_____
Joseph P. Karam, Jr.

_____
Notary Public - State of Florida

ANITA H COHEN
Notary Public - State of Florida
Commission # GG 043782
My Comm. Expires Jan 10, 2021

2/20/18

NOT A CERTIFIED COPY

# EXHIBIT F

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE:

                                        Case No: 502018CP001919XXXXMB

    Estate of John Snow

_____/

## AMENDED ORDER ON ESTATE'S AMENDED MOTION TO STRIKE
## ROBERT GIBSON'S CLAIMS OR REQUIRE POSTING OF
## <u>ADEQUATE SECURITY AND TO TAKE JUDICIAL NOTICE</u>

THIS CAUSE came before the Court at an evidentiary hearing on the Estate's Amended

Motion to Strike Robert Gibson's Claims or Require Posting of Adequate Security and to Take

Judicial Notice on January 22, 2021, and the Court having heard argument of the parties, reviewed

the record in this case and related matters, and being otherwise fully advised upon the premises,

does hereby be it

ORDERED AND ADJUDICATED, that as to the Estate's Motion to Strike Mr. Gibson's

substantive claims;

Mr. Gibson admitted that he filed motions in this case on the basis of being assigned claims

by Joseph P. Karam, a former commercial tenant of the decedent, John Snow, and that the claims

were related to claims brought by Mr. Karam in Palm Beach County case no. 2018-CA-006030.

The Estate attached a copy of Mr. Karam's complaint as Exhibit A" to its motion.

Mr. Gibson also admitted that he initially met Mr. Karam when he worked for the estate's

counsel and eventually offered to participate in Mr. Karam's cause of action in accordance with the

terms of the Acknowledgment of Assignment of Claim ("Assignment") which Mr. Gibson admitted

that he drafted for Mr. Karam's signature.

Mr. Gibson admitted that he has used documents similar to the Assignment to acquire causes

of action from others, and that the Assignment is the basis for his standing in this case.

NOT A CERTIFIED COPY

Mr. Gibson admitted that he knew that Mr. Karam was involved in eviction litigation with the Estate, the purpose of which was to evict Mr. Karam from a commercial building owned by the Decedent, when he drafted the Assignment and obtained Mr. Karam's signature.

Mr. Gibson admitted that he was aware that Mr. Karam had filed suit against the Estate for unlawful eviction, but stated that Mr. Karam's case was "thrown out" because the case had already been assigned to Mr. Gibson.  Contrary to Mr. Gibson's statements, however, Estate counsel attached as "Exhibit C" an order by the Honorable James Nutt which dismissed Mr. Karam's claims against the Estate with prejudice.

The Court has compared Mr. Karam's claims in the case which he brought to conclusion against the Estate and finds that they are sufficiently similar to those upon which Mr. Gibson rests and concludes that the claims advanced by Mr. Gibson in this case are barred by collateral estoppel.

Mr. Gibson testified that he has a counterclaim for wrongful eviction which is now noticed for trial.  However, the only case involving Mr. Gibson is Palm Beach County case no. 2018-CC-001229, within which Mr. Gibson filed counterclaims against the Estate for unjust enrichment and wrongful eviction on June 8, 2018 at Docket Entry 23.  It should be also noted that Palm Beach County case no. 2018-CC-007227 wherein Mr. Karam was represented by counsel who raised affirmative defenses of unjust enrichment and wrongful eviction "as asserted more fully in the Counterclaim of Robert Gibson in Case No. 2018CC001229XXXXMB" was consolidated with case no. 2018-CC-001229.

Mr. Gibson testified that he had appealed this case but court records indicate that he likely confused another case involving Mr. Karam (Palm Beach County case no. 2017-CA-003383, styled Joseph P. Karam v. Lorie Fischer) for which Mr. Gibson obtained an assignment of Mr. Karam's claims.  After Mr. Gibson appealed an adverse order in this case

to the Fourth District Court of Appeals (case no. 4D18-1253), the 4th DCA affirmed the

lower court decision and issued a mandate on April 5, 2019. A troubling aspect of that case

which should be noted is that, although the Honorable Donald W. Hafele recognized that

Mr. Karam assigned his interest to Mr. Gibson, Mr. Karam kept filing papers which

indicates that Mr. Karam did not fully understand the meaning of the Assignment which he

executed.  See Judge Hafele's order at Docket Entry 99.

AND FURTHER, as to the Estate's vexatious litigant claim;

Mr. Gibson claims that he was not adjudicated a vexatious litigant pursuant to

Section 68.093, Florida Statutes, despite the Honorable James Martz's July 9, 2019 order in

Palm Beach case no. 2018-CA-006574 stating otherwise.  Mr. Gibson further claimed that

Judge Kastranakes who replaced Judge Martz in response to Mr. Gibson's successful motion

for recusal stated that the order was not final and cannot be relied upon (See Judge

Kastrenakes' order attached as "Exhibit C" to Docket Entry 29 in this case).  The Court

notes that this order was issued in yet another case (Palm Beach County case no. 2018-CA-

012099) in which Mr. Gibson, a non-attorney, was assigned a cause of action and that

neither the Estate or the Estate's counsel was a party to that action.

Mr. Gibson timely filed a Verified Motion to Reconsider Order Granting

Defendant's Motion to Determine that Robert Gibson is a Vexatious Litigator and Require

Furnishing of Appropriate Security" within which Mr. Gibson states as a reason for his

failure to appear some confusion brought on by his adversary's hearing scheduling changes.

However, the record shows that the July 9, 2019 hearing was set by the Court in a Notice of

Hearing which was docketed on May 28, 2019  (See Docket Entry 120).

Moreover, the Motion which was heard on July 9, 2019 (filed May 26, 2019 at

Docket Entry 121) attached a list of cases which Mr. Gibson filed pro se and lost in the

preceding five years.  Two of the unsuccessful circuit court cases are cases in which Mr.

Gibson was assigned rights to litigate by and on behalf of the owners of the causes of action. In the third unsuccessful case, Mr. Gibson initiated a cross-claim against the codefendants. All three of the listed unsuccessful appeals were initiated by Mr. Gibson. The list does not include Mr. Gibson's unsuccessful malpractice action within which this motion practice occurred because Mr. Gibson has appealed the unfavorable result.

The Court addressed Mr. Gibson's reconsideration motion at a hearing on August 15, 2019 by allowing fourteen (14) days for the parties to provide memoranda of law to address whether or not unsuccessful pro se <u>appeals</u> could be counted toward the five-in-five case threshold which triggers Florida's vexatious litigant statute, during which time Mr. Gibson's adversary (who is counsel for the Estate in this case) provided the Court with an additional unsuccessful pro se case and three (3) cases *to be watched* which are relevant because Mr. Gibson took assignments of the original litigants' interests (See Docket Entries 153, 154) while testifying in this case that there were not many instances of his acquiring cases by taking assignments. Also worth noting are two yet additional cases provided to the Court in Docket Entry 157.

Opposing counsel timely filed its supportive Memoranda of Law on August 29, 2019 at Docket Entry 155. Mr. Gibson did not timely file a Memorandum of Law and instead filed an objection which falsely claimed that opposing counsel had failed to abide by the Court's order and stated that he conducted "key word search[es]" for Florida cases which mentioned "vexatious" or "68.093" and identified 59 cases, but could not find an opinion to support his position that appeals cannot be counted toward meeting the five-in-five vexatious litigant threshold. Mr. Gibson also requested two (2) additional days to provide the Court with a bookmarked appendix. Despite the passage of almost seventeen (17) months, Mr. Gibson has not yet filed anything and instead claims that the Court's August 15, 2019 order combined with his own inaction means that the matter as to whether he is a

vexatious litigant remains unresolved and is not a final order.

On April 3, 2020, after more than a year had passed since summary judgment against Mr. Gibson was granted, the opposing counsel filed a Motion to Deny Reconsideration and Partially Close Case at Docket Entry 196. On the morning of April 8, 2020, the date set for a hearing on opposing counsel's motion to deny reconsideration, Mr. Gibson filed emergency motions to recuse Judge Martz and stay the case. Judge Martz granted the recusal motion on April 13, 2020, leaving the vexatious litigant order in place.

The malpractice case discussed above is not counted toward the five-in-five vexatious litigant threshold because the summary judgment entered against him was appealed by Mr. Gibson on June 14, 2020, who has moved for several extensions of time and has not yet filed his initial brief. See Fourth District Court of Appeal case no. 4D20-1389, a case recently consolidated with opposing counsel's appeal of the lower court's denial of Section 57.105, Florida Statutes sanctions; case no. 4D20-1876.

Opposing counsel filed a motion to strike Mr. Gibson's motion for reconsideration of the vexatious litigant order in order to resolve the issue of finality in lieu of Mr. Gibson's demonstrated inaction. Until such time as that motion is resolved, the Court will reserve on this aspect of relief requested pending said resolution.

The Court takes judicial notice of the matters expressed by the parties and documents filed, including Court orders, in related cases.

The Court further finds that the Assignments routinely used by Mr. Gibson amount to a means to evade the statutory prohibition against practicing law without a license, a felony, and are therefore illegal and unenforceable.

The Court finds that matters which Mr. Gibson seeks a remedy in this case are barred by collateral estoppel, since these same matters were already adjudicated in at least one other case of which Mr. Gibson was aware.

DONE AND ORDERED this March 3, 2021.



_____
Circuit Court Judge

Copies to:
Jeffrey M. Siskind, Esq. via email; jeffsiskind@msn.com
Robert Gibson, pro se via email; intelexigent@gmail.com

NOT A CERTIFIED COPY

EXHIBIT B

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY FLORIDA**

IN RE: ESTATE OF                                Case No.    502018CP001919XXXXMB
JOHN THOMAS SNOW,                                            PROBATE DIVISION

        Decedent.

_____/

<u>**STATEMENT OF CLAIM**</u>

The undersigned Claimant hereby presents for filing against the above estate this Statement of Claim and alleges:

1.  This claim concerns real property located at 421 NE 7th Ave. Boynton Beach, FL 33435, further identified under Palm Beach Parcel Control Number 08-43-45-21-18-000-1020 and abbreviated legal description – ARDEN PARK LTS 102 TO 104 INC, ("Subject Property").

2.  At the time of his death, the Subject Property was owned by John Thomas Snow.

3.  The basis for the claim is:

    a.  **Unjust Enrichment** consisting of material and labor expended to buildout Unit-C of the Subject Property, and

    b.  **Wrongful Eviction** on or about November 8, 2017, from Unit-C of the Subject Property, giving rise to:

        i.   Ongoing and Accruing Compensatory Damages – amounting to over Six Hundred and Eighty Dollars ($680) in lost revenue per business day, and

        ii.  Ongoing and Accruing Statutory Damages –treble the rent value of Unit-C of the Subject Property, amounting to One Thousand Eight Hundred dollars ($1,800) per month.

4.  The name of the claimant is Robert Gibson, as Successor in Interest to Joseph P. Karam, pursuant to attached Acknowledgement of Assignment.

5.  The social security number of the Claimant is ███████, as disclosure is limited by the Florida Supreme Court (SC08-2443).

6.  The address of the Claimant is 1709 22nd Ave. N. Lake Worth, FL 33460.

7.  As of this date, the amount of the claim is Eleven Thousand Six Hundred Ninety-Three and 91/100 Dollars ($11,693.91) for **Unjust Enrichment** and Ninety-Nine Thousand Two Hundred and 00/100 Dollars ($99,200.00) for **Wrongful Eviction**, totaling One Hundred Ten Thousand Eight Hundred Ninety-Three and 91/100 Dollars ($110,893.91), which amount is now due.

8.  The claim is neither contingent nor liquidated at this time.  To liquidate the claim, Claimant will prove the nature and value of the **Unjust Enrichment**, and/or the nature and value of the **Wrongful Eviction**, along with the Ongoing and Accruing Compensatory and/or Statutory Damages.

9.  The claim would normally be secured by an equitable lien on the Subject Property. However, the Personal Representative for Decedent unlawfully transferred title outside of the Estate without Court approval.

Under penalties of perjury, I declare that I have read the foregoing, and that the facts alleged are true, to the best of my knowledge and belief.

Executed this 8th day of 2018.

                             ___/s/ Robert Gibson_____
                             Robert Gibson
                             1709 22nd Ave. N.
                             Lake Worth, FL  33460
                             Tel. (561) 868-2100 Fax (561) 623-8118

Copy mailed to attorney for the Personal Representative on May May 10 2018 _____, 2018

 Jeffrey M. Siskind, Esquire
3465 Santa Barbara Drive
Wellington, FL  33414

                         CLERK AND COMPTROLLER

                         By:

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JOHN SNOW.,

      Plaintiff:

v

JOSEPH PHILIP KARAM,

      Defendant

CASE NO.: **502018CC001229XXXXMB**
CIVIL DIVISION: RJ

**ACKNOWLEDGMENT
OF ASSIGNMENT
OF CAUSE(S) OF ACTION**

_____/

    COMES NOW Joseph P. Karam, Jr., the Defendant in the above styled action, and hereby provides the following in support of this ASSIGNMENT OF CAUSE OF ACTION:

    1.  THAT on or about November 8, 2017, John Snow, erected, or caused to be erected a plywood barrier to restroom facilities, along with preventing access to electrical panel for the facilities occupied by Joseph Karam d/b/a Skank Bikes.

    2.  THAT on or about January 26, 2017, Plaintiff filed, through counsel, his complaint for declaratory relief against Defendant to which Defendant asserts the counterclaim of wrongful eviction.

    3.  THAT all title, right, and interest in the within described cause of action and resultant judgment for damages against John Snow, along with any and all further and subsequently arising causes of action relating to this matter are hereby irrevocably transferred without recourse, to Robert Gibson of 1709 22 Ave. N. Lake Worth, FL  33460 pursuant to an agreement for purchase of cause of action executed on even date.

    4.  THAT Assignee, Robert Gibson is authorized to bring legal action to litigate said cause(s) of action and recover, compromise, settle, and enforce any resultant judgment.

Signed this 20th day of February, 2018 at Palm Beach County, Florida.

SWORN TO BEFORE ME, this 20th day of
February, 2018

_____
Joseph P. Karam, Jr.

_____
Notary Public - State of Florida

ANITA H COHEN
Notary Public - State of Florida
Commission # GG 043782
My Comm. Expires Jan 10, 2021

2/20/18

EXHIBIT C

# Supreme Court of Florida

———————

No. SC17-1510

———————

**THE FLORIDA BAR RE:  ADVISORY OPINION—
SHORE v. WALL, et al.**

October 4, 2018

PER CURIAM.

James Wall filed with the Standing Committee on the Unlicensed Practice of Law (Standing Committee) a request for issuance of an advisory opinion pursuant to the procedures set forth in Rule Regulating the Florida Bar 10-9.1 and this Court's opinion in *Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905 (Fla. 2010).  In the request, Wall alleged that Jeffrey Paine and his company, Jupiter Asset Recovery, LLC (collectively "JAR"), engaged in the unlicensed practice of law in connection with JAR's attempt to recover surplus funds from the Manatee County Clerk of Court's registry on Wall's behalf.  The Standing Committee held a public hearing where it considered live and written testimony, *see* Rule Regulating the Florida Bar 10-9.1(f), and ultimately filed with this Court a

proposed advisory opinion concluding that JAR's conduct, as alleged by Wall and if taken as true, would constitute the unlicensed practice of law.[1]

After the Standing Committee's proposed advisory opinion was filed, interested parties were permitted to file briefs in support of or in opposition to the proposed advisory opinion. *See* R. Regulating Fla. Bar 10-9.1(g)(3). JAR and Global Discoveries, Ltd., filed briefs in opposition to the proposed advisory opinion; the Standing Committee filed a response to the briefs. After considering the proposed opinion and the briefs of the interested parties, the Court approves the proposed advisory opinion as set forth in the appendix to this opinion.[2]

It is so ordered.

PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA and LAWSON, JJ., concur.
CANADY, C.J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

CANADY, C.J., dissenting.

I adhere to the view that "the Florida Constitution gives this Court no

---

1. We have jurisdiction. *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 10-9.1(g).

2. References in the Appendix to TABS A, B, and C, are to the attachments to the proposed advisory opinion originally filed by the Standing Committee in this case on August 15, 2017.

authority to issue" the advisory opinions regarding pending litigation contemplated by rule 10-9.1.  *Fla. Bar re Advisory Op.—Scharrer v. Fundamental Admin. Servs.*, 176 So. 3d 1273, 1279 (Fla. 2015) (Canady, J., dissenting).  I therefore would dismiss this proceeding.

Original Proceeding – The Florida Bar Re: Advisory Opinion

Kellie D. Scott, Chair, Jeffrey T. Picker, and William A. Spillias, Standing Committee on Unlicensed Practice of Law, Tallahassee, Florida,

    for Petitioner

Kevin P. Tynan of Richardson & Tynan, P.L.C., on behalf of Jupiter Asset Recovery, LLC and Jeffrey Paine, Tamarac, Florida; Amy L. Dilday, Starlett M. Massey, and Jonathan D. Kaplan of McCumber, Daniels, Buntz, Hartig, Puig, & Ross, P.A., on behalf of Global Discoveries, Ltd., Tampa, Florida,

    Responding

**APPENDIX**

THE FLORIDA BAR
STANDING COMMITTEE ON THE
UNLICENSED PRACTICE OF LAW


FAO #2017-1, *SHORE V. WALL, ET. AL.*

_____/


<u>PROPOSED ADVISORY OPINION</u>



August 15, 2017

## INTRODUCTION

This request for a formal advisory opinion is brought pursuant to Rule 10-9.1 of the Rules Regulating The Florida Bar and *Goldberg v. Merrill Lynch Credit Corp.,* 35 So. 3d 905 (Fla. 2010); (TAB A). [1]   The Petitioner, James Wall (hereinafter, "Wall"), is a defendant in an interpleader action filed by the Clerk of the Circuit Court of Manatee County (Case No. 2014 CA 3155).  In Wall's Answer to Complaint For Interpleader and Objection and Defenses to Jupiter Asset Recovery, LLC's Claim to Surplus Funds, he asserted that Jupiter Asset Recovery, LLC (hereinafter, "JAR") engaged in the unlicensed practice of law.  The Circuit Court, citing *Goldberg*, found that it did not have jurisdiction over the unlicensed practice of law claim and stayed the case pending a determination by the Supreme Court of Florida whether JAR's conduct constitutes the unlicensed practice of law (TAB A, p. 23).

Pursuant to Rule 10-9.1(f) of the Rules Regulating The Florida Bar, public notice of the hearing was provided on The Florida Bar's website, in The Florida

---

[1] Petitioner filed an unlicensed practice of law complaint/request for formal advisory opinion, which was originally investigated by the local circuit committee under Rules 10-5 and 10-6 of the R. Regulating Fla. Bar.  Finding that respondent, Jeffrey Paine, and his company, Jupiter Asset Recovery, LLC, engaged in the unlicensed practice of law, the circuit committee offered respondent a cease and desist affidavit, which he refused to sign.  Because there is no Florida case law on point, the local circuit committee closed its investigation and forwarded the request for formal advisory opinion to the Standing Committee on the Unlicensed Practice of Law (hereinafter, "Standing Committee").

Bar *News*, and in the *Orlando Sentinel*.  The Standing Committee held a public hearing on January 26, 2017.  Testifying on behalf of the petitioner were attorneys Ryan J. Hittel and Christopher M. Hittel.  Testifying on behalf of JAR was attorney Kevin Tynan and Jeffrey Paine (hereinafter, "Paine").  Also testifying were attorneys Starlett Massey and Jonathan D. Kaplan (Tab B).  In addition to the testimony presented at the hearing, the Standing Committee received written testimony from the Petitioners and JAR/Paine which has been filed with this Court (Tab C).

The question presented for consideration by the Standing Committee is whether a nonlawyer company is engaged in the unlicensed practice of law when it holds itself out as having special knowledge on how to recover excess proceeds from a tax deed sale held by the Clerk of Court under Chapter 197, Fla. Stat.; identifies and contacts owners of excess tax deed sale proceeds for the purpose of offering to recover the excess proceeds on their behalf from the Clerk of Court; offers the owners of excess proceeds a contingency arrangement using a purported assignment modified by an agreement to share the excess proceeds upon recovery, with the owner retaining a 60% interest in the excess proceeds; requests from the Clerk of Court the surplus funds based on the purported assignment; and files pleadings in interpleader actions to recover the surplus funds.

*GOLDBERG V. MERRILL LYNCH CREDIT CORP.*

In *Goldberg*, the petitioners filed class action lawsuits to recover document preparation fees charged by respondent Merrill Lynch for services performed by its clerical personnel in processing mortgage loans.  Merrill Lynch moved to dismiss the complaints, arguing, among other things, that the circuit court lacked jurisdiction to hear any claims relating to the unlicensed practice of law.  The circuit court granted the motions and dismissed the cases.    The Fourth District Court of Appeal affirmed the dismissals because the respondents had not previously been prosecuted for the unlicensed practice of law by The Florida Bar or disciplined by this Court. This Court approved the Fourth District's decision to affirm the dismissals finding that:

> To state a cause of action for damages under any legal theory that arises from the unauthorized practice of law, we hold that the pleading must state that this Court has ruled that the specified conduct at issue constitutes the unauthorized practice of law. (citation omitted)  Stated another way, a claimant must allege as an essential element of any cause of action premised on the unlicensed practice of law that this Court has ruled the activities are the unauthorized practice of law. (citations omitted)
>
> * * *
>
> [A] plaintiff will not be able to state a cause of action premised on the unauthorized practice of law on a case of first impression (where this Court has not ruled on the actions at issue).  In those cases, the pleading may be dismissed without prejudice or the action may be stayed

> until a determination from this Court pursuant to the
> advisory opinion procedures of rule 10-9.1 or the
> complaint and injunctive relief procedures of rules 10-5,
> 10-6, and 10-7 of the Rules Regulating The Florida Bar.
> (citations omitted)

*Goldberg* at 907-8.

In staying the Manatee County interpleader action at issue here, the circuit

court cited to *Goldberg*, and noted that the Supreme Court of Florida has exclusive

jurisdiction to determine the issue of unlicensed practice of law (TAB A, p. 23).

### *RULE 10-9.1 OF THE RULES REGULATING THE FLORIDA BAR*

In *Goldberg*, this Court recognized that rule 10-9.1(c) of the Rules

Regulating The Florida Bar prevents a proposed formal advisory opinion from

being issued "with respect to any case or controversy pending in any court or

tribunal in this jurisdiction" thereby prohibiting the Standing Committee from

issuing a proposed formal advisory opinion while the underlying action is stayed or

dismissed without prejudice. The Court, therefore, suspended the rule in the

circumstances described in *Goldberg* and directed The Florida Bar to propose a

rule change according to the opinion. Subsequently, rule 10-9.1 was amended to

add language to provide that "the [Standing Committee] shall issue a formal

advisory opinion under circumstances described by the court in *Harold Goldberg*

*v. Merrill Lynch Credit Corporation*, 35 So. 3d 905 (Fla. 2010) when the petitioner

is a party to a lawsuit and that suit has been stayed or voluntarily dismissed without

prejudice." The Court, sua sponte, amended rule 10-9.1(c) in *In re: Amendments to Rule Regulating The Florida Bar 10-9.1*, 176 So. 3d 1273 (Mem) (Fla. 2015).[2] Consequently, if a proper *Goldberg* request is brought, a proposed advisory opinion must be issued.[3]

Because this is a case of first impression, and the circuit court stayed the action pending a determination from this Court, this was a proper *Goldberg* request. A public hearing was held on January 26, 2017, after which the Standing Committee voted to issue the proposed formal advisory opinion that follows.

FACTS

The factual allegations relating to Wall's claim that JAR engaged in the unlicensed practice of law are contained in paragraphs numbered 15 – 47 of Defendant, James M. Wall's Answer to Complaint for Interpleader and Objection and Defenses to Jupiter Asset Recovery, LLC's Claim to Surplus Funds (TAB A, pp. 12 – 17), Mr. Wall's April 15, 2015 statement accompanying his unlicensed practice of law complaint (TAB A, pp. 3 – 4), and the January 13, 2017, Statement of Petitioner, James M. Wall, For Hearing on Request for *Goldberg* Advisory

---

[2] Consistent with *Goldberg*, the amendment deleted the requirement for a "voluntary" dismissal.

[3] Footnote 3 of *Goldberg* provides "To be clear, the Florida Bar shall issue a formal advisory opinion upon request of a party in the circumstances described herein." 35 So. 3d at 908.

Opinion (TAB C, pp. 2 – 17).  Wall alleged the following operative facts which are summarized in relevant part as follows:

1. Paine/JAR contacted Wall regarding a tax deed surplus being held in the court's registry after a tax deed sale of Wall's property.  (TAB A, p. 3 and p. 12, paragraph 15)

2. Paine convinced Wall to hire JAR/Paine to recover the surplus funds on his behalf (TAB A, p. 12, paragraph 16).  Wall assumed he was dealing with a licensed attorney (TAB C, p. 3, paragraph 6).

3. Paine sent a notary to Wall's business with two documents to sign, an "Agreement" (TAB A, p. 5) and an "Absolute Assignment of Interest in Tax Deed Surplus Proceeds" (TAB A, p. 6).  Wall signed both documents. (TAB A, p. 13, paragraphs 17 and 19)

4. Wall believed at the time he signed the Agreement and Absolute Assignment that Paine was agreeing to represent him. (TAB A, p. 4)

5. The Agreement attempts to allow JAR to file documents to recover the tax deed surplus on Wall's behalf, with 60% of the proceeds going to Wall and the remainder (minus any costs) going to JAR. (TAB A, p. 13, paragraph 18)

6. Under the Agreement, Wall purports to transfer his interest in the surplus funds to JAR so that JAR can "file all necessary documents in order to recover any

- 10 -

and all monies available as a result of the tax deed sale." (TAB A, p. 15, paragraph 33)

7. The Agreement also states that JAR shall "make every effort to obtain any available funds through the Clerk of Court." (TAB A, p. 15, paragraph 34)

8. The essence of the Agreement is clear, JAR will file the necessary court documents to obtain payment from the Clerk of Court on a contingency basis, for a 40% fee (which would amount to a fee near $94,000). (TAB A, p. 16, paragraph 35)

9. Because JAR is not a law firm, and Paine is not an attorney, the only way JAR could file documents with the court on Wall's behalf was to come before the court as a straw-man assignee. (TAB A, p. 16, paragraph 36)

10. JAR did not disclose the Agreement when filing his proof of claim with the Clerk of Court to recover the surplus tax deed funds nor did it disclose the Agreement to the court in the interpleader action so that it would not be apparent on the face of its claim that it was representing another party. (TAB A, p. 16, paragraph 37, and TAB A, pp. 7 – 9)

11. Even though Wall signed the Absolute Assignment and Agreement he understood that JAR/Paine would receive 40% of all funds recovered in return for their work to recover the funds. (TAB A, p. 3)

12. At the time Wall signed the Absolute Assignment and Agreement, liens on the property held by the IRS and Manatee County Code Enforcement exceeded the amount of the surplus. (TAB A, p. 13, paragraph 20)

13. After the tax deed sale, the IRS lien was paid in full at the closing of the sale of another property Wall owned, and the Manatee County Code Enforcement lien was substantially reduced. The payment of the IRS lien and the reduction in the code enforcement fine resulted in the surplus funds available to the owner increasing from $0 to approximately $235,000. (TAB A, p. 13, paragraphs 21 – 23)

14. JAR seeks to recover 40% of this $235,000. (TAB A, p. 13, paragraph 24)

15. Paine drafted a letter for Wall's signature to the attorney for the Clerk of Court in the interpleader action (TAB A, p. 10). The letter, which Wall did not sign, includes the following language: "I understand that Jupiter has filed an Answer and Cross Claim in this matter which protects my interest in these funds[]" and "Please consider this letter as notice that I shall not file a responsive pleading in this case and I consent to a default against me in this case." (TAB A, p.10 and p. 16, paragraphs 38 – 40)

DISCUSSION

As this Court noted in *The Florida Bar re: Advisory Opinion – Scharrer v.*

*Fundamental Administrative Services*, 176 So. 3d 1273, 1278 (Fla. 2015), it is not

the Standing Committee's role to sit as the trier of facts or to decide disputed facts:

> Although we recognize that the Standing Committee does
> not sit as a trier of fact, and it is not the Committee's role
> to decide disputed issues of fact, our decision in Goldberg
> does authorize the Standing Committee to determine
> whether the specific facts as alleged in a petition for an
> advisory opinion, if those facts are taken as true, would
> constitute the unlicensed or unauthorized practice of law.

Thus, in reviewing the alleged facts the Standing Committee takes as true

those facts, and applies existing case law to the facts to determine whether the

activity in question constitutes the unlicensed practice of law.

Essentially, Wall alleged that JAR/Paine: (1) held himself out as an attorney

and as having special knowledge on how to recover excess proceeds from a tax

deed sale, (2) represented him in the interpleader action, and (3) prepared legal

documents for him which affected his important legal rights.

Holding Out

Allegations regarding Paine holding himself out as an attorney are contained

within paragraphs 2 and 4 above, and paragraph 43 of Wall's Interpleader Answer

(TAB A, p. 17), which states that:

> Mr. Paine also holds himself out to be an attorney on his
> website, despite not being licensed to practice law in
> Florida.  See Composite Exhibit 'E', attached (Google

- 13 -

search showing title of jupiterassetrecovery.com to be
"Jupiter Asset Recovery | Jeffrey Paine Attorney"; Source
code of jupiterassetrecovery.com containing the page title
"Jupiter Asset Recovery | Jeffrey Paine Attorney".)

Taken as true, these allegations raise unlicensed practice of law concerns

because it constitutes the unlicensed practice of law for nonlawyers to hold

themselves out as lawyers. *The Florida Bar v. Warren*, 655 So. 2d 1131 (Fla.

1995). As this Court found in *The Florida Bar v. Gordon*, 661 So. 2d 295 (Fla.

1995), it constitutes the unlicensed practice of law for nonlawyers to "impliedly or

expressly, personally or by use of advertisement, hold[] themselves out as lawyers

and authorized to practice law in Florida and describing themselves as lawyers,

attorneys, attorneys at law, esquire, counselor, counsel, or any other title that is

designed to lead a member of the public into believing that respondents are

licensed to practice law in Florida and able to render assistance with legal matters."

By contacting owners of excess tax deed sale proceeds for the purpose of

offering to recover the excess proceeds on their behalf from the Clerk of Court,

JAR/Paine is implicitly holding out as having special knowledge on how to recover

the excess proceeds. This raises unlicensed practice of law concerns because it

constitutes the unlicensed practice of law for a nonlawyer to hold himself out as

having special knowledge or expertise in legal areas. *The Florida Bar v. Davide*,

702 So. 2d 184 (Fla. 1997) (nonlawyer engaged in unlicensed practice of law and

enjoined from advertising that his or her company specializes in legal areas or that gives the public the expectation that the company has expertise in the field of law, and that describes legal procedures).

Representation in Interpleader Action

The gravamen of the allegations in paragraphs 3 – 15 above are that JAR/Paine had Wall execute both an Absolute Assignment and an Agreement to assist Wall in obtaining the tax deed surplus from the Clerk and the court. However, JAR/Paine only filed the Absolute Assignment with the Clerk and the court in the interpleader action, so that it would appear to the Clerk and court that Wall assigned his interest in the tax deed surplus to JAR/Paine. The Absolute Assignment provides "This Agreement is complete, in and of itself, representing the entire agreement between all Parties hereto[.]" However, the Agreement, executed contemporaneously with the Absolute Assignment, indicates that there was not an absolute or complete assignment. The Agreement, which mandates that JAR make every effort to obtain the surplus funds, provides that Wall will receive 60% of the surplus funds recovered by JAR. The remaining 40% would go to JAR. The effect of this Agreement, which was not disclosed to the Clerk or the court, is that any action that JAR took with the Clerk or the court in the interpleader action to obtain the tax deed surplus it took not only on its own behalf, but on behalf of Wall as well. Before Wall filed his Answer in the interpleader

- 15 -

action, JAR/Paine prepared and sent him a letter to sign and send to the Clerk's attorney, wherein Wall asserts his understanding that JAR filed an Answer and Cross Claim which protects his interest in the surplus funds and that he would not be filing a responsive pleading in the interpleader case and that he consents to a default judgment against him.  Wall did not sign this letter.

Taken as true, the allegations in paragraphs 3 – 15 above raise unlicensed practice of law concerns because it constitutes the unlicensed practice of law for a nonlawyer to represent another in court.  As this Court stated, axiomatically, "It is generally understood that the performance of services in representing another before the courts is the practice of law."[4]  *See The Florida Bar v. Smania*, 701 So. 2d 835 (Fla. 1997) (nonlawyer enjoined from appearing in court on behalf of others other than as a witness); *The Florida Bar v. Eubanks*, 752 So. 2d 540 (Fla. 1999) (nonlawyer engaged in unlicensed practice of law and enjoined from appearing in any Florida court, directly or indirectly, as a spokesperson or representative for litigants in any court proceeding); *The Florida Bar v. Snapp*, 472 So. 2d 459 (Fla. 1985) (nonlawyer engaged in unlicensed practice of law and enjoined from representing an individual other than himself in court proceedings); *The Florida Bar v. Strickland*, 468 So. 2d 983 (Fla. 1985) (nonlawyer engaged in

---

[4] *The Florida Bar v. Sperry*, 140 So. 2d 587, 591 (Fla. 1962), *judg. vacated on other grounds*, 373 U.S. 379 (1963).

the unlicensed practice of law and enjoined from appearing in Florida courts on

behalf of a party in family law matters); *The Florida Bar v. Rich*, 481 So. 2d 1221

(Fla. 1986) (nonlawyer engaged in unlicensed practice of law and enjoined from

representing others in court in eviction and criminal matters).

Here, JAR/Paine was representing Wall because Wall still had an interest in

the litigation. This was not a situation where Wall signed over all of his interests

in the proceeds of the sale to JAR/Paine so that JAR/Paine became the party to the

action. Instead, JAR/Paine offered Wall a contingency fee agreement where Wall

retained an interest in the proceeds of the sale as he stood to gain 60% from any

recovery. Wall was, therefore, a party to the action and was being represented by

JAR. By so representing Wall, JAR/Paine engaged in the unlicensed practice of

law.

Preparation of Documents Affecting Legal Rights

Taken as true, the allegations in paragraphs 9 and 15 above raise unlicensed

practice of law concerns because it constitutes the unlicensed practice of law for a

nonlawyer to prepare a document for another which affects their important legal

rights. *The Florida Bar v. Sperry*, 140 So. 2d 587, 591 (Fla. 1962), *judg. vacated

on other grounds*, 373 U.S. 379 (1963); *The Florida Bar v. Gordon*, 661 So. 2d

295 (Fla. 1995) (nonlawyer engaged in unlicensed practice of law and enjoined

from allowing members of the public to rely on respondents to properly prepare

- 17 -

legal forms or legal documents affecting an individual's legal rights); *The Florida Bar v. Eidson*, 703 So. 2d 442 (Fla. 1997) (nonlawyer enjoined from preparing and filing legal documents on behalf of another); *The Florida Bar v. Williams*, 388 So. 2d 564 (Fla. 1980) (nonlawyer enjoined from assisting customers in preparing documents or forms necessary for submission to any court or governmental agency); *The Florida Bar v. Miravalle*, 761 So. 2d 1049, 1051 (Fla. 2000) ("This Court has repeatedly held that the preparation of legal documents by a nonlawyer for another person to a greater extent than typing or writing information provided by the customer on a form constitutes the unlicensed practice of law." (citations omitted)).  Both the letter to the Clerk's attorney consenting to a default judgment and the answer filed by JAR/Paine in the interpleader action would certainly affect Mr. Wall's important legal rights by requesting from the Clerk of Court surplus funds.

Further, taken as true, the above allegations raise unlicensed practice of law concerns to the extent Wall relied on JAR/Paine to file with the Clerk and court the necessary documents to obtain the surplus tax deed funds.  As this Court noted in *The Florida Bar v. Brumbaugh*, 355 So. 2d 1186, 1193-4 (Fla. 1978), "it is clear that her clients placed some reliance upon her to properly prepare the necessary legal forms for their dissolution proceedings.  To this extent we believe that Ms. Brumbaugh overstepped proper bounds and engaged in the unauthorized practice

of law." *See also The Florida Bar v. Williams*, 388 So. 2d 564 (Fla. 1980)

(nonlawyer enjoined from allowing members of the public to rely on her to

properly prepare legal forms or legal documents affecting a customer's legal

rights).

PUBLIC HARM

Separate from the unlicensed practice of law issue, the Standing Committee

was also concerned that JAR/Paine's business model of only filing the Absolute

Assignment with the Clerk and court, and not also disclosing the

contemporaneously executed Agreement, when attempting to recover the tax deed

surplus was, at a minimum, misleading, and perhaps, a fraud on the court, because

the true relationship between JAR/Paine and its customers is not disclosed to the

Clerk and court.  Without knowledge of the Agreement, the court would have no

way of knowing about the unlicensed practice of law occurring before it.  If an

attorney filed misleading documents with a court that hid his or her true

relationship with the client, the attorney would be subject to discipline for lack of

candor toward the tribunal.  Just as lawyers must avoid conduct that undermines

the integrity of the adjudicative process, this Court must ensure that nonlawyers do

not undermine the integrity of the adjudicative process.  As this Court noted in *The*

*Florida Bar v. Moses*, 380 So. 2d 412, 417 (Fla. 1980), "the single most important

concern in the Court's defining and regulating the practice of law is the protection of the public from incompetent, unethical, or irresponsible representation."

The Standing Committee had similar concerns about the language in the Absolute Assignment, which provides that "This Agreement is complete, in and of itself, representing the entire agreement between all Parties hereto." The statement was patently false. The Absolute Assignment did not represent the entire agreement between JAR/Paine and Wall; there was also the contemporaneously executed Agreement between the parties. It was this Agreement which resulted in JAR/Paine's improper representation of Wall before the Clerk and the court in the interpleader action. The Standing Committee felt that this patently false language in the Absolute Assignment was, at a minimum, misleading, and perhaps a fraud on the court, and warrants the public's protection by this Court.

CONCLUSION

It is the opinion of the Standing Committee on the Unlicensed Practice of Law that a nonlawyer company is engaged in the unlicensed practice of law when it holds itself out as having special knowledge on how to recover excess proceeds from a tax deed sale held by the Clerk of Court under Chapter 197, Fla. Stat.; identifies and contacts owners of excess tax deed sale proceeds for the purpose of offering to recover the excess proceeds on their behalf from the Clerk of Court; offers the owners of excess proceeds a contingency arrangement using a purported

assignment modified by an agreement to share the excess proceeds upon recovery, with the owner retaining a 60% interest in the excess proceeds; requests from the Clerk of Court the surplus funds based on the purported assignment; and files pleadings in interpleader actions to recover the surplus funds.

The Standing Committee is not sitting as the trier of fact in this matter. Should this Court adopt the Standing Committee's proposed formal advisory opinion, it would establish the precedent required by *Goldberg* and be the standard to be applied by the trier of fact in ultimately deciding whether the defendants engaged in the unlicensed practice of law.

Respectfully Submitted,

/s/ Kellie D. Scott by Jeffrey T. Picker
Kellie D. Scott, Chair
Standing Committee on
Unlicensed Practice of Law
The Florida Bar
651 E. Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5840
Fla. Bar No. 432600
Primary Email: upl@flabar.org

/s/ Jeffrey T. Picker
Jeffrey T. Picker
Fla. Bar No. 12793

/s/ William A. Spillias
William A. Spillias
Fla. Bar No. 909769
The Florida Bar
651 East Jefferson Street

- 21 -

Tallahassee, Florida 32399-2300
(850) 561-5840
Primary Email: jpicker@flabar.org
Secondary Email: upl@flabar.org