UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

ROBERT GIBSON                                    Case No.: 23-16430-MAM
SSN: XXX-XX-8057                                 Chapter 13

      Debtor.
_____/

**CREDITOR'S RICHARD FAIRCHILD'S RESPONSE TO
DEBTOR'S OBJECTION TO CLAIM #9**

    COMES Now, Creditor, Richard Fairchild, by and through his undersigned attorney and files this response to the Debtor's Objection to Proof of Claim 9 (the "Objection") [DE# 64] and in support thereof states as follows:

    1.  On August 15, 2023, Robert Gibson ("Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

    2.  On October 6, 2023, Claimant/Creditor, Richard Fairchild ("Claimant") filed proof of claim #9 (the "Claim") setting forth an unsecured claim in the amount of $5,000.00.

    3.  Attached to the Claim is a copy of the Promissory Note and Security agreement dated November 19, 2018 and Promissory Note and Security Agreement dated June 29, 2019 for a loan by Claimant to Debtor in the amount of $5,000.00.

    4.  On October 26, 2023, the Debtor filed an Objection [D.E.64] stating that the "claim should be offset by amount owed to Debtor for work performed for claimant"

    5.  At the time the Debtor filed the bankruptcy, Debtor had not paid any portion of the $5,000 due to Claimant and had not performed any work for Claimant.  Debtor has not provided any documentation to support his objection to claim #9.

6. Further, the Claim was filed in accordance with Rule 3001 of the Federal Rules of Bankruptcy Procedure and, thus, the Claim constitutes *prima facie* evidence of the validity and amount of the claim. Fed. R. Bank. P. 3001(f); *In re Moreno*, 341 B.R. 813, 817 (Bankr. S.D. Fla. 2006) ("A proof of claim that meets the above standard along with the others imposed in Rule 3001, 'shall constitute prima facie evidence of the validity and amount of the claim.'").

7. Here, the Debtor has offered no countervailing evidence that rebuts the *prima facie* validity of the Claim. Thus, the Claim is "strong enough to carry over a mere formal objection without more." *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991).

8. Accordingly, Claim #9 should be allowed as filed and the Debtor's Objection should be overruled.

**WHEREFORE**, the Claimant requests that the Debtor's Objection to Claim #9 be overruled and any further relief this Court deems just and proper.

I hereby certify that a true and correct copy of this Response was electronically filed and/or mailed to all parties listed below this 5th day of December, 2023.

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: December 5, 2023

WHITE-BOYD LAW, P.A.
Attorney for Creditor – RICHARD FAIRCHILD
1818 S. Australian Avenue, Suite 406
West Palm Beach, FL  33409
(561) 508-3042
By: */s/ Nadine V. White-Boyd*
NADINE V. WHITE-BOYD, ESQ.
Florida Bar No. 0184144

**SERVICE LIST**

**Copy provided by Electronic Mail to**:

- Brian K. McMahon    briankmcmahon@gmail.com, irizarryelise1@gmail.com

- Ida Moghimi Kian     southerndistrict@shdlegalgroup.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Mark S. Roher     mroher@markroherlaw.com, ECF.markroherlaw@gmail.com; ECF2.markroherlaw@gmail.com
- Jeffrey M Siskind     jeffsiskind@msn.com, jmsesq500@gmail.com
- Daniel A Weber     dweber@ssclawfirm.com, smurguia@ssclawfirm.com
- Robin R Weiner     ecf@ch13weiner.com, ecf2@ch13weiner.com
- Nadine V. White-Boyd     nadine@wblawpa.com, nvwboyd@aol.com

**<u>Copy provided by U.S. Mail to:</u>**

Richard Fairchild
P.O. Box 5798
Lake Worth, FL  33466

Robert Gibson
2385 Executive Cir Dr.
Suite 100
Boca Raton, FL 33431