UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In Re:

    ROBERT ALLEN GIBSON,                         Case No. 23-16430-MAM
    a/k/a ROBERT A. GIBSON,                      Chapter 13

        Debtor.
_____/

## AMENDED VERIFIED MOTION TO LIMIT
## DEBTOR'S AUTOMATIC STAY PROTECTION

*Nature of Initial Emergency: Debtor's Unsubstantiated "Unpaid Wages, Withholding and FICA" Claim and other Assigned Claims in Movant's Bankruptcy Case will Impede Confirmation unless Finally Resolved Prior to Confirmation.*

<u>NOTE: All changes contained in this amended motion are underlined for convenience.</u>

      COMES NOW, Jeffrey M. Siskind ("Movant"), by and through undersigned counsel, and files this Amended Motion to Limit Debtor's Automatic Stay Protection, and states:

      1.      Movant filed a Petition for Relief pursuant to Chapter 13 in the Central District of California on March 18, 2024.

      2.      Debtor filed a voluntary petition on August 15, 2023, and subsequently filed a Suggestion of Bankruptcy in Movant's bankruptcy case on October 10, 2023.

      3.      Debtor filed three claims in Movant's Chapter 13 case; Claim no. 8 in the amount of $403,000 based upon an assignment, Claim No. 9 in the amount of $25,000 based upon an assignment, and Claim No. 10 in an unstated amount based upon "Unpaid wages, Withholding and FICA as Employee."

      4.      Debtor worked for Movant as an independent contractor until early 2017. His company, d/b/a Intelexigent, Unltd., was paid $1,250 per week for his part-time services and the part time services of his long-time associate, Patricia Barron.

      5.      Claim no. 10, attached hereto as "Exhibit A," is a barebones filing, bereft of any

support whatsoever.

6. Claims 8 and 9 were adjudicated in Movant's favor, but Debtor filed for bankruptcy protection in the Southern District of Florida before the California bankruptcy court rendered orders disposing of those two claims.

7. A hearing scheduled <ins>on the date of the original filing of this motion</ins> ~~today~~ on Movant's Verified Renewed Objection to Proof of Claim No. 10 was continued to permit Movant to obtain an Order from this Court determining that the Debtor's protection of the automatic stay does not protect Debtor's right to its pursue claims against Movant.

8. <ins>The Court heard this Motion on April 15, 2024, at which time final consideration was continued to April 30, 2024 to permit Movant and Debtor's counsel to talk.</ins>

9. <ins>Debtor's counsel spoke briefly in the parking lot after the initial hearing and later in the day by telephone, and also exchanged emails.</ins>

10. <ins>Debtor's counsel indicated to Movant that he believed that the issue raised in its Motion had already been decided by this Court in its order at ECF 47.</ins>

11. <ins>However, Movant responded that the Order at ECF 47 dealt specifically with three motions (ECFs 11, 16 and 19) that arose in an entirely different context.</ins>

12. <ins>In ECF 11, Movant sought a prefiling order on the state court's finding that Debtor is a vexatious litigant .</ins>

13. <ins>In ECF 16, Movant sought relief for a client who performed work from Debtor but was not paid, and had already obtained a state court default.</ins>

14. <ins>In ECF 19, Movant sought relief for one of its clients who had, prior to Debtor's filing for relief, brought suit against the Debtor in Palm Beach County state court to obtain relief from Debtor's use of an illegal assignment to procure a portion of its cause of action.</ins>

15. <u>Movant explained to Debtor's counsel that the relief sought in Movant's California Chapter 13 case is distinguishable from ECFs 11, 16 and 19 because Debtor had, by filing claims in a foreign court, voluntarily submitted to its jurisdiction.</u>

16. <u>Moreover, Debtor, by filing a facially deficient proof of claim (#10) and by failing to defend against Movant's objections to Debtor's two other proofs of claims which were already ruled upon (#s 8 and 9), is interfering with the resolution of Movant's California Chapter 13 case.</u>

17. <u>Debtor's voluntary offensive measures in other jurisdictions should not be afforded the protection of this Court.</u>

WHEREFORE, Movant <u>again</u> requests that the Court limit the Debtor's stay protection to all matters not inclusive of Debtor's claims in Movant's bankruptcy case, and for such other and further relief as appropriate.

**S I S K I N D ,   P L L C**

_____*/s/ Jeffrey M. Siskind*_____
Jeffrey M. Siskind, Esq.   FBN 138746

3465 Santa Barbara Drive  Wellington, Florida  33414
1629 K Street NW, Suite 300   Washington, DC  20006
100 Harborview Drive, Third Floor  Baltimore, MD 21230
113 N. Monroe Street, 1st Floor  Tallahassee, Florida  32301
TELEPHONE  (561) 791-9565  FACSIMILE  (561) 791-9581
**Attorney's Personal Email:  jeffsiskind@msn.com**

## **VERIFICATION**

I <u>AGAIN</u> HEREBY CERTIFY that the facts contained above are true and correct to the best of my knowledge and belief.

_____*/s/ Jeffrey M. Siskind*_____

Jeffrey M. Siskind, Esq.   FBN 138746

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing <u>Amended</u> Motion was served on <u>April 16</u>, 2024 upon Debtor's counsel, the Chapter 13 Trustee, the Office of the United States Trustee and all other creditors and <u>appropriate</u> ~~interested~~ parties on the attached mailing matrix by CM/ECF or U.S. Mail ~~on December 7, 2023~~.

<u>      /s/ Jeffrey M. Siskind      </u>
Jeffrey M. Siskind, Esq.   FBN 138746

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 23-16430-MAM<br>Southern District of Florida<br>West Palm Beach<br>Fri Aug 18 18:38:29 EDT 2023 | Palm Isles I Condominium Association, Inc.<br>c/o Sachs Sax Caplan, P.L.<br>6111 Broken Sound Parkway NW<br>Suite 200<br>Boca Raton, FL 33487-3644 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| Dick Dwyer and Florida Investigators<br>c/o Siskind Legal PLLC<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 | Focus Financial Services<br>Attn: Bankruptcy<br>Po Box 1050<br>Boynton Beach, FL 33425-1050 | Goldman Sachs Bank USA<br>Attn: Bankruptcy<br>Lockbox 6112, PO Box7247<br>Philadelphia, PA 19170-0001 |
| (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Jeffrey M. Siskind, PLLC<br>3465 Santa Barbara Dr<br>Wellington, FL 33414-7269 | Joseph Karam<br>785 8th Court, Unit 8<br>Vero Beach, FL 32962-1635 |
| Judith Siskind<br>3485 Lago De Talavera<br>Lake Worth, FL 33467-1071 | Kelly Landers<br>c/0 Jeffrey M Siskind, Esq.<br>Siskind, PLLC<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Palm Isles I Condo Assn<br>c/o Jeremy Dicker, Esq<br>Sachs Sax Caplan<br>6111 Broken Sound Pkway NW, Ste 200<br>Boca Raton, FL 33487-3644 | Wells Fargo<br>Chalres W. Scharf, President<br>420 Montgomery Street<br>San Francisco, CA 94104-1207 | William LaRoque<br>c/o Jeffrey Siskind<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 |
| Brian K. McMahon Esq.<br>1401 Forum Way., Ste. 730<br>West Palm Beach, FL 33401-2322 | Kelly Landers<br>c/o Jeffrey Siskind, Esq.<br>Siskind, PLLC<br>3465 Santa Barbara Drive<br>Wellington, FL 33414-7269 | Robert A Gibson<br>2385 Executive Cir Dr.<br>Suite 100<br>Boca Raton, FL 33431-8510 |
| Robin R Weiner<br>Robin R. Weiner, Chapter 13 Trustee<br>Post Office Box 559007<br>Fort Lauderdale, FL 33355-9007 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

JP Morgan Chase
3415 Vision Drive
Columbus, OH 43219-6009

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19

# EXHIBIT A

| Fill in this information to identify the case: | |
|---|---|
| Debtor 1 Jeffrey Siskind | |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court  Central District of California | |
| Case number: 23-11720 | |

FILED
U.S. Bankruptcy Court
Central District of California
6/1/2023
Kathleen J. Campbell, Clerk

Official Form 410
## Proof of Claim
04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Robert Gibson
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: Intelexigent, Unltd.

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Robert Gibson
Name
2385 NW Executive Center Dr. Ste 100
Boca Raton, FL 33431-8510

Contact phone  5618682100
Contact email  intelexigent@gmail.com

Where should payments to the creditor be sent? (if different)
Name
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) ____  Filed on ____ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410          Proof of Claim          page 1

| **Part 2:** | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|
| 7. How much is the claim? | $ 0.00      Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Unpaid Wages, Withholding and FICA as Employee |
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>   **Nature of property:**<br>   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>   ☐ Motor vehicle<br>   ☐ Other. Describe: _____<br><br>   **Basis for perfection:** _____<br>   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>   **Value of property:** $ _____<br>   **Amount of the claim that is secured:** $ _____<br>   **Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>   **Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>   **Annual Interest Rate** (when case was filed) _____ %<br>   ☐ Fixed<br>   ☐ Variable |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Official Form 410          Proof of Claim          page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply*: | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  6/1/2023
MM / DD / YYYY

/s/ Robert Allen Gibson
Signature

Print the name of the person who is completing and signing this claim:

Name: Robert Allen Gibson
First name   Middle name   Last name

Title:

Company:
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 2385 NW Executive Circle Dr.. Ste. 100
Number  Street
Boca Raton, FL 33431-8510
City  State  ZIP Code

Contact phone: (561) 868-2100
Email: intelexigent@gmail.com

Official Form 410                                    Proof of Claim                                   page 3