UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA - WEST PALM BEACH DIVISION

IN RE:

ROBERT ALLEN GIBSON,  CASE NO.: 23-16430-MAM
  CHAPTER 13

    Debtor(s).

_____/

**CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY
TO ENFORCE FINAL JUDGMENT OF FORECLOSURE**
*Subject Property: 1709 22ND AVE N, LAKE WORTH, FL 33460*

Creditor, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMTP Trust, Series 2019-C ("Creditor"), by and through undersigned counsel and pursuant to 11 U.S.C. §362(d), Federal Rule of Bankruptcy Procedure 4001 and Local Rule 4001-1, moves this Court for limited relief from the automatic stay and, in support thereof, states:

1.    **Summary of Motion**: The Creditor seeks relief from the automatic stay as the Plan provides that the property is paid outside of the Plan, the Debtor is not the obligor under the Promissory Note and Mortgage and is not seeking to provide protection to the Creditor under the Plan.

2.    **Creditor's Interest**: The Debtor, Robert Allen Gibson (the "Debtor"), filed this voluntary Chapter 13 proceeding on August 15, 2023. The Creditor holds a security interest in the subject property located at 1709 22ND AVE N, LAKE WORTH, FL 33460 (the "Property"), more fully described as:

> **LOT 30, VERNON HEIGHTS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 24, PAGE 200 OF THE PUBLIC RECORDS OF PALM BEACH COUNT, FLORIDA.**

3. **Debtor's Intentions**: Based on the Debtor's First Amended Chapter 13 Plan [D.E. 106] filed February 8, 2024 (the "Plan"), the Property is being paid direct to Creditor specifying "paid by a 3rd party" i.e. the actual obligors under the subject loan and judgment.

4. **Standing**: The Creditor possesses standing to bring this Motion and the right to foreclose by virtue of the Final Judgment of Foreclosure entered on February 19, 2021, in the amount of $696,513.56 (the "Judgment"). *See Exhibit "A"*.

5. **Property Valuation**: Pursuant to the County Property Appraiser's Office in which the Property lies situate, the Property is valued at $480,695.00. *See Exhibit "B"*. Pursuant to *Rule 803(8) Federal Rules of Evidence*, the property appraiser valuation is permissible

6. **Grounds for Relief**: The Creditor maintains that cause exists pursuant to 11 U.S.C. §362(d)(1) for the automatic stay to be lifted as the Debtor does not intend to treat the subject property in the plan, specifically states it will be paid by a "third party" and is not the actual obligor under the Note and Mortgage.

7. **Servicer:** Rushmore Servicing is servicing the loan on behalf of the Creditor. Any payments made to the Creditor must be sent to Rushmore Servicing, PO Box 619096, Dallas TX 75261-9741.

8. **Waiver of Rule 4001(a)(3):** Creditor requests that the Court waive the 14 day stay of the Order Granting Relief pursuant to Bankruptcy Rule 4001 (a)(3).

9. **Loss Mitigation:** The Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agree or other loan workout/loss mitigation agreement. The Creditor requests that it may contact the Debtor via telephone or written correspondence to offer such an agreement. Any agreement shall be non-recourse unless included in a reaffirmation agreement.

**WHEREFORE**, Creditor, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMTP Trust, Series 2019-C, respectfully requests that this Court issue an Order terminating or modifying the stay, waiving the 14 day stay of such order, and for any such further relief this Court deems proper and just.

By: /s/ Ida A. Moghimi-Kian
Ida A. Moghimi-Kian
Florida Bar No. 56395
Diaz Anselmo & Associates, P.A.
**Attorneys for Creditor**
P.O. BOX 19519
Fort Lauderdale, FL 33318
Phone: (954) 564-0071
Fax: (954) 564-9252
IMoghimi-Kian@dallegal.com

**CERTIFICATE OF SERVICE**

 **I HEREBY CERTIFY** that on this day, May 21, 2024, a copy of the foregoing was furnished electronically and/or via first class U.S. Mail upon:

ROBERT ALLEN GIBSON
2385 EXECUTIVE CIR DR.
SUITE 100
BOCA RATON, FL 33431
*Debtor(s)*

BRIAN K. MCMAHON, ESQ.
1401 FORUM WAY., STE. 730
WEST PALM BEACH, FL 33401
*Attorney for Debtor(s)*

ROBIN R.WEINER
PO BOX 559007
FT. LAUDERDALE, FL 33355
*Trustee*

UNITED STATES TRUSTEE
OFFICE OF THE U.S. TRUSTEE
51 S.W. 1ST AVE. SUITE 1204
MIAMI, FL 33130
*U.S. Trustee*

      By: /s/ Ida A. Moghimi-Kian
      Ida A. Moghimi-Kian
      Bar No. 56395
      IMoghimi-Kian@dallegal.com

# MOTION FOR RELIEF EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE No.: 2019-CA-001226

U.S. BANK NATIONAL ASSOCIATION, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE FOR THE RMTP TRUST, SERIES
2019-C,
       Plaintiff,
vs.

CESAR AQUINO A/K/A CESAR L. AQUINO;
MIRIAN SANCHEZ A/K/A MIRIAM AQUINO
SANCHEZ A/K/A M. SANCHEZ; ROBERT
GIBSON; UNKNOWN SPOUSE OF ROBERT
GIBSON; VERNON HEIGHTS PROPERTY
OWNERS ASSOCIATION, INC.,
       Defendant(s).
_____/



## FINAL JUDGMENT OF FORECLOSURE

THIS CAUSE having come before this Court on February 10, 2021 for a Non-Jury Trial and the Court having received testimony, evidence and legal argument from the parties present and the Court being otherwise fully advised, it is

ORDERED AND ADJUDGED:

1.     This Court has jurisdiction of the subject matter hereof, Plaintiff, U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMTP TRUST, SERIES 2019-C, and Defendants CESAR AQUINO A/K/A CESAR L. AQUINO; MIRIAN SANCHEZ A/K/A MIRIAM AQUINO SANCHEZ A/K/A M. SANCHEZ; ROBERT GIBSON; VERNON HEIGHTS PROPERTY OWNERS ASSOCIATION, INC., The Plaintiff has established by competent proof the allegations of the Complaint, and the equities of the action are with the Plaintiff.

2.     Plaintiff is entitled to foreclosure of its mortgage lien and said lien is prior in date

18-401181

1

and superior in dignity to the right, title, interest, claim, lien and demand of the Defendants CESAR AQUINO A/K/A CESAR L. AQUINO; MIRIAN SANCHEZ A/K/A MIRIAM AQUINO SANCHEZ A/K/A M. SANCHEZ; ROBERT GIBSON; VERNON HEIGHTS PROPERTY OWNERS ASSOCIATION, INC, herein upon the mortgaged property herein foreclosed, to wit:

**LOT 30, VERNON HEIGHTS, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 24, PAGE 200 OF THE PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.**

**Property Address: 1709 22nd Avenue North, Lake Worth, Florida 33460.**

and all fixtures and personal property located therein or thereon, which are included as security in Plaintiff's mortgage, and all rent monies sequestered with the Clerk of Court in the above entitled cause, which are secured by Plaintiff's mortgage.

3. There are due to Plaintiff the following sums:

| | | |
|---|---|---|
| Principal | | $408,597.64 |
| Interest from 5/1/2014 through 2/10/2021 | | $113,993.89 |
| PMI / MI | | $ 11,849.85 |
| Taxes | | $ 66,033.75 |
| Insurance | | $ 73,598.68 |
| **Subtotal:** | | **$674,073.81** |
| | | |
| Attorney's Fee | | $ 17,545.50 |
| **Court costs** (Title/Lien Search, Clerk's Filing Fee, Service) | | $ 3,364.92 |
| *Complaint Filing Fee:* | *$1,913.50* | |
| *Service of Process:* | *$1,039.00* | |
| *Certified Mail:* | *$17.55* | |
| *FL E-File:* | *$169.27* | |
| *Skip Trace:* | *$170.00* | |
| *Clerk Cost:* | *$50.00* | |
| *Lis Pendens:* | *$5.60* | |
| **Other** | | |
| BPO | | $    120.00 |
| Property Inspections | | $  1,466.25 |
| Property Preservation | | $    475.00 |
| **Subtotal:** | | **$697,045.48** |
| | | |
| LESS: Suspense Balance | | $   (531.92) |
| **TOTAL** | | **$696,513.56** |

2

18-401181

**\* no sooner than 90 days**

4. If the total sums of money found to be due herein to Plaintiff and all costs of this proceeding incurred after date of this judgment, including interest hereon, are not forthwith paid, then the Clerk of this Court shall sell the mortgaged property at public sale at 10:00 a.m. on the **\* 24** day of **May**, 202**1**, to the highest bidder or bidders for cash via internet at www.mypalmbeachclerk.clerkauction.com, after having first given notice as required by Section 45.031, Florida Statutes. The Clerk of this Court shall not conduct a sale pursuant to this judgment unless the Plaintiff or its representative is present to bid at the sale.

5. If the successful bidder fails to pay the bid in cash in full to the Clerk by 12:00 p.m. on the day following the scheduled sale, the Clerk of the Court shall reset the sale as provided in Florida Statute 45.031(2) and pay all costs of the sale from the deposit and apply any remaining funds therefrom toward the judgment.

6. Plaintiff shall advance the cost of publishing the Notice of Sale, and Plaintiff shall be reimbursed therefor by the Clerk out of the proceeds of the sale if Plaintiff shall not become the purchaser of the property at the sale. The purchaser at the sale shall pay, in addition to the amount bid, the Clerk's fee and the documentary stamps to be affixed to the Certificate of Title.

7. Plaintiff may bid at the sale, and if Plaintiff is the purchaser at the sale, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such portion thereof as may be necessary to pay Plaintiff's bid. If Plaintiff shall be the purchaser at the sale, the Clerk is hereby directed to deliver to Plaintiff the original note and mortgage received as evidence in this cause.

8. Upon issuance of a Certificate of Title by the Clerk of this Court, the Clerk shall also distribute the proceeds of the sale, so far as they are sufficient, by paying in the following order:

    A. All costs and expenses of these proceedings subsequent to entry of this

3

18-401181

judgment, including the cost of publishing the notice of sale and the Clerk's fee ($70.00) for making the sale (unless the Plaintiff, having already paid for those two items of costs, shall be the purchaser at the sale) the cost of the state documentary stamps affixed to the Certificate of Title (based on the amount bid for the property) and , to Plaintiff's attorney, the fee herein above allowed as Plaintiff's attorney fee.

B.  The total sum due Plaintiff, less the items paid above, plus interest from the date of this judgment to the date of payment to Plaintiff at the rate of 4.81 % per annum established by the Comptroller of the State of Florida pursuant to Florida Statute 55.03(1).

C.  The remaining proceeds, if any, shall be retained by the Clerk pending further order of the Court. If the total amount realized shall not be sufficient to pay all sums due Plaintiff under this judgment, the Clerk shall pay first those specified in paragraph 8(A) and shall pay the balance to Plaintiff.

9.  The Clerk is directed to forthwith pay to Plaintiff all sums held by it in the Court Registry in connection with the above-entitled action sufficient to pay all sums due Plaintiff under this judgment. Upon Plaintiff's receipt of the disbursed sums, the amount found due Plaintiff in this judgment will be reduced by the amount of that disbursement. The Clerk's check for the disbursement shall be made payable to Plaintiff and delivered to Plaintiff's attorney, McCabe, Weisberg & Conway, LLC, Suite 1000, 500 S. Australian Avenue, West Palm Beach, Florida, 33401.

10.  Upon the filing of a Certificate of Sale by the Clerk of the Court, the Defendants and all persons claiming under or against them since the filing of the Notice of Lis Pendens shall be forever foreclosed of and from all right of redemption and all other right, title, interest, equity, claim, estate and demand in or to the mortgaged property, except as to claims or rights under Chapter 718 or 720, Florida Statutes, if any. Upon issuance of a Certificate of Title, and upon motion and further

18-401181

4

order from the Court, the Clerk of this Court may forthwith issue a Writ of Possession and the purchaser at the judicial sale, or its representatives or assigns shall be let into immediate possession of the property.

11. If, subsequent to the date hereof, and prior to the sale, Plaintiff shall be required to advance any monies to protect its mortgage lien, or if Plaintiff pays fees determined by any Court order to be due for the services of any attorney ad litem, administrator ad litem or guardian ad litem who has been appointed by the Court to represent the interest of any defendant in the above-entitled cause, then Plaintiff or its attorney shall so certify to the Clerk of this Court and the amount due Plaintiff in this judgment shall be increased by, and shall include, the amount of such advances by order of the Court.

12. The Court retains jurisdiction of this action to enter further orders as are proper, including, without limitation, the taxing of Plaintiff's reasonable attorney's fees, re-foreclosure actions against omitted parties or unknown parties and/or supplemental actions and deficiency judgments.

13. If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sales proceeds pursuant to this final judgment.

14. Plaintiff reserves the right to assign its right to bid at auction sale to any other entity. Court approval of the assignment of bid is not required

15. The rights and interests of the parties and anyone acquiring title to the mortgaged property at foreclosure sale are subject to and governed by §83.561, Florida Statutes.

If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

**If you are the property owner, you may claim these funds yourself. You are not**

18-401181

5

required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Clerk of the Court of Palm Beach County, Florida, at Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401, within ten (10) days after the sale to see if there is additional money from the foreclosure sale that the Clerk has in registry of the Court. If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering to help you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact Legal Aid Society, 423 Fern Street, West Palm Beach, Florida 33401 (561) 655-8944, to see if you qualify for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact Legal Aid Legal Aid Society, 423 Fern Street, West Palm Beach, Florida 33401 (561) 655-8944, for assistance, you should do so as soon as possible after receipt of this notice.

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida, this 19th day of February, 2021.

_____

Copies furnished to all parties
on the attached Service List.

6

18-401181

## **SERVICE LIST**
## **CASE NO.: 2019-CA-001226**

Fausto A. Rosales, Esq.
The Law Office of Fausto A. Rosales, PA
Attorney for Cesar Aquino a/k/a Cesar L. Aquino
95 Merrick Way, Third Floor
Coral Gables, FL 33134
frosales@dtmiamilaw.com

Mirian Sanchez a/k/a Miriam Aquino Sanchez a/k/a M. Sanchez
970 S. Military Trail
West Palm Beach, FL 33415

Robert Gibson
1709 22nd Ave N
Lake Worth, FL 33460
intelexigent@gmail.com

Brennan Grogan, Esq.
Levine Law Group
Attorney for Defendant, Vernon Heights Property Owners Association, Inc.
3300 PGA Boulevard, Suite 430
Palm Beach Gardens, FL 33410
Email: bgrogan@jslawgroup.com

******************************************

McCabe, Weisberg & Conway, LLC
500 South Australian Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone: (561) 713-1400 / Fax: (561) 713-1401
Primary Email: FLpleadings@MWC-law.com

7

18-401181

# MOTION FOR RELIEF EXHIBIT "B"

## Property Detail

| | |
|---:|:---|
| **Location Address :** | 1709 22ND AVE N |
| **Municipality :** | LAKE WORTH BEACH |
| **Parcel Control Number :** | 38-43-44-16-10-000-0300 |
| **Subdivision :** | VERNON HGTS IN |
| **Official Records Book/Page :** | 25596 / 480 |
| **Sale Date :** | NOV-2012 |
| **Legal Description :** | VERNON HEIGHTS LT 30 |

## Owner Information

| Owner(s) | Mailing Address |
|---|---|
| GIBSON ROBERT | 525 S FLAGLER DR STE 500<br>WEST PALM BEACH FL 33401 5938 |

## Sales Information

| Sales Date | Price | OR Book/Page | Sale Type | Owner |
|---|---|---|---|---|
| NOV-2012 | $2,500 | 25596 / 00480 | QUIT CLAIM | GIBSON ROBERT |
| MAY-2007 | $10 | 21724 / 00842 | QUIT CLAIM | SANCHEZ MIRIAN & |
| NOV-2005 | $410,000 | 19596 / 00940 | WARRANTY DEED | SANCHEZ MIRIAN |
| MAY-2005 | $10 | 18692 / 01615 | QUIT CLAIM | WILTSEY HARRY JR & |
| JUN-2002 | $181,000 | 13900 / 00691 | WARRANTY DEED | WILTSEY HARRY JR |
| AUG-1994 | $125,000 | 08383 / 00520 | WARRANTY DEED | |
| JUN-1983 | $100 | 03981 / 01313 | WARRANTY DEED | |

## Exemption Information

No Exemption Information Available.

## Property Information

| | |
|---:|:---|
| **Number of Units :** | 1 |
| ***Total Square Feet :** | 3172 |
| **Acres :** | 0.1980 |
| **Property Use Code :** | 0100—SINGLE FAMILY |
| **Zoning :** | SFR—SINGLE FAMILY RESIDENTIAL (38-LAKE WORTH BEACH) |

## Appraisals

| Tax Year | 2023 | 2022 | 2021 | 2020 | 2019 |
|---|---|---|---|---|---|
| Improvement Value | $285,762 | $249,641 | $204,841 | $219,860 | $220,780 |
| Land Value | $194,933 | $172,050 | $129,203 | $87,500 | $80,500 |
| Total Market Value | $480,695 | $421,691 | $334,044 | $307,360 | $301,280 |

**Assessed and Taxable Values**

| Tax Year | 2023 | 2022 | 2021 | 2020 | 2019 |
|---|---|---|---|---|---|
| Assessed Value | $404,193 | $367,448 | $334,044 | $307,360 | $301,280 |
| Exemption Amount | $0 | $0 | $0 | $0 | $0 |
| Taxable Value | $404,193 | $367,448 | $334,044 | $307,360 | $301,280 |

**Taxes**

| Tax Year | 2023 | 2022 | 2021 | 2020 | 2019 |
|---|---|---|---|---|---|
| AD VALOREM | $9,497 | $8,685 | $7,814 | $7,242 | $7,162 |
| NON AD VALOREM | $525 | $507 | $501 | $496 | $487 |
| TOTAL TAX | $10,022 | $9,193 | $8,315 | $7,738 | $7,649 |

**Dorothy Jacks, CFA, AAS  PALM BEACH COUNTY PROPERTY APPRAISER   www.pbcpao.gov**