UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re: ROBERT GIBSON,           Case No.   23-16430-MAM
                                                                Chapter 13

    Debtor.
_____/

## SUPPLEMENT TO APPLICATION FOR COMPENSATION

**COMES NOW,** Brian K. McMahon and Brian K. McMahon, P.A. and file this Supplement to Application for Compensation [ECF #107], and state.

1. The applicants filed an Application for Compensation on February 8, 2024, which sought compensation from the filing date until January 8, 2024.

2. The applicants have continued to represent the Debtor through the present.

3. The application was not set for hearing until the Motion to Withdraw was also filed.

4. As stated by Mr. Gibson at the initial hearing on the motion, the parties have known each other a long time and worked together on matters in the past.

5. A formal retainer was never agreed upon.  Mr. Gibson asserts that there was discussions about a $10,000 fee cap.  The undersigned does not recall such an arrangement.

6. The only communication that the undersigned could locate where fees were mentioned was an e-mail relating to settling the case.  Most of the email is redacted as it relates to attorney client privilege relating to settlement discussions.  In paragraph 2, there appears to be a typographical error wherein the word "not" is included, making the paragraph inconsistent.

7. Note that this e-mail was sent well after the fee application was originally filed.

8. The miscommunication seems to arise from the first amended plan.  In that plan, the

1

$10,200.00 was included as payment of attorneys' fees. When the plan was signed, Mr. Gibson may have understood this to mean the fees were the total amount of the fees that would be sought in the case.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on June 6, 2024 to Robert Gibson, intelexigent@gmail.com.

**BRIAN K. MCMAHON, P.A.**
1401 Forum Way, Suite 730
West Palm Beach, FL 33401
Tel (561)478-2500
Fax (561)478-3111
briankmcmahon@gmail.com

s/ Brian K. McMahon
Brian K. McMahon
FL Bar No. 853704

 Brian McMahon <briankmcmahon@gmail.com>

## status
10 messages

---

**Brian McMahon** <briankmcmahon@gmail.com>    Tue, Mar 19, 2024 at 3:24 PM
To: Robert Gibson <intelexigent@gmail.com>

Robert -

REDACTED

1) Your case cannot get confirmed until all claims have been resolved. This includes the $600K claim and the Laroque claims that cannot be resolved until relief from stay is granted.
2) my attorney fees will not continue to go up. The adversary proceedings are going to add another $10K at least to my fees.
3) Presently, including my attorney fees, the uncontested claims total $53,000. That's $972.00 a month for the next 60 months. (this amount includes the Palm Isles claim that cannot be reduced until the appeal is pursued)

REDACTED

Brian K. McMahon, P.A.
1401 Forum Way, Suite 730
West Palm Beach, FL 33401
Tel (561)296-3965
Fax (561)478-3111
www.attorneybrianmcmahon.com

**The Law Office of Brian K. McMahon, PA, designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States, proudly assists consumers seeking relief under the U.S. Bankruptcy Code.**

**A Member of the National Association of Consumer Bankruptcy Attorneys**

---

**Robert Gibson** <intelexigent@gmail.com>    Mon, Mar 25, 2024 at 12:04 PM
To: Brian McMahon <briankmcmahon@gmail.com>

UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

### CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan
■ 1st _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Robert A. Gibson   JOINT DEBTOR: _____   CASE NO.: 23-16430-MAM
SS#: xxx-xx- 8057                                SS#: xxx-xx-_____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ☐ Included | ■ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $1,067.00 for months 1 to 10 ;
2. $1,100.00 for months 11 to 60 ;
3. _____ for months ___ to ___ ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**    ☐ NONE    ☐ PRO BONO

| Total Fees: | $10,200.00 | Total Paid: | $500.00 | Balance Due: | $9,700.00 |
|---|---|---|---|---|---|
| Payable | $970.00 | /month (Months 1 to 10) | | | |
| Payable | | /month (Months ___ to ___) | | | |

Allowed fees under LR 2016-1(B)(2) are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS    ☐ NONE

**A. SECURED CLAIMS:** ■ NONE

**B. VALUATION OF COLLATERAL:** ■ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** ■ NONE
2. **VEHICLES(S):** ■ NONE

Debtor(s): Robert A. Gibson _____    Case number: 23-16430-MAM _____

### 3. PERSONAL PROPERTY: ■ NONE

#### C. LIEN AVOIDANCE ■ NONE

Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-3.

| 1. Creditor: _____ | Collateral: _____ |
|---|---|
| Address: _____ | Exemption: _____ |
| Last 4 Digits of Account No.: _____ | |

#### D. SURRENDER OF COLLATERAL: ■ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

☐ Other: _____

<u>Name of Creditor</u>     <u>Last 4 Digits of Account No.</u>     <u>Description of Collateral (Address, Vehicle, etc.)</u>

1. _____  _____  _____

#### E. DIRECT PAYMENTS ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee. The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

<u>Name of Creditor</u>     <u>Last 4 Digits of Account No.</u>     <u>Description of Collateral (Address, Vehicle, etc.)</u>

1. US Bank  _____  1709 22nd Ave N, Lake Worth - paid by 3rd party

### IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)] ■ NONE

### V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS ☐ NONE

A. Pay  $1,000.00  /month (Months  11  to  60  )

Pay  _____  /month (Months  ___  to  ___  )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

C. SEPARATELY CLASSIFIED: ■ NONE

### VI. STUDENT LOAN PROGRAM ■ NONE

### VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ■ NONE

### VIII. INCOME TAX RETURNS AND REFUNDS:

■ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

### IX. NON-STANDARD PLAN PROVISIONS ■ NONE

Debtor(s): Robert A. Gibson          Case number: 23-16430-MAM

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_/s/ Robert A. Gibson_ Debtor        2/8/24 Date                    _____ Joint Debtor        _____ Date

Robert A. Gibson

_____        Date
Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.