UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA - WEST PALM BEACH DIVISION

IN RE:

ROBERT ALLEN GIBSON,             CASE NO.: 23-16430-MAM
                                        CHAPTER 13

Debtor(s).
_____/

**DEBTOR'S VERIFIED OBJECTION TO APPLICATION AND SUPPLEMENT FOR COMPENSATION FOR PROFESSIONAL SERVICES OR REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR CHAPTER 13 DEBTOR**

Debtor, Robert Allen Gibson, *pro se*, files this Verified Objection to Counsel's Application and Supplement for Compensation for Professional Services or Reimbursement of Expenses by Attorney Brian K. McMahon for Chapter 13 Debtor.

1. On June 6, 2024, the Court conducted and continued a hearing on Counsel's Application for Compensation for Professional Services or Reimbursement of Expenses by Attorney for Chapter 13 Debtor.

2. The Court requested that any support by each, including documents, filings, communication or otherwise, be submitted to this Court within seven (7) days.

3. On June 13, 2024, Debtor timely filed his motion for an extension of time to comply with the Court's order, at the Clerk's counter, which motion was not docketed until June 14, 2024.

4. Debtor's motion requested an additional seven (7) days from the date of an order granting the motion.

5. Notwithstanding Debtor's ignorance of a requirement that the motion be accompanied by a proposed order, the Court graciously granted Debtor's motion, which as written, would extend the due date until July 17, 2024.

6. However, the specific dates in the order put Debtor, technically, in violation at the moment of its granting.

7. Of the roughly Six Hundred Seveny-Seven (677) email communications between Debtor and his counsel, well less than half concern this case.

8. Although, Debtor has not yet culled through all email communications, to determine subject matter relevancy, Debtor is not aware of any communication which may even remotely be construed to be an agreement to pay fees beyond the $10,200.00 flat fee disclosed to this court in the 1st Amended Plan (ECF No. 106) for complete representation for bankruptcy, along with the adversarial proceedings removed from the state courts,

9. As the flat fee contemplates full representation to completion, any payment to Mr. McMahon upon withdrawal, with so little accomplished and so much left to do, is inequitable.

10. In Counsel's application, he suggests that three lawsuits removed, by him, to the bankruptcy court resulted in more work and that many unusual motions have been filed against the debtor requiring additional work.

11. Counsel's representation to this Court is misleading and irrelevant, as Counsel was well aware, in advance of hiring, of the frivolous nature of the cases to be removed along with the practice style and fraudulent nature of the single opposing counsel, an attorney well known to him, and known to be the very cause of Debtor's initial need to hire Counsel to file and represent him in this bankruptcy.

12. In his supplement, Counsel maintains that a formal retainer was never agreed upon and that Debtor "asserts" that there were discussions about a $10,000 fee cap.

13. This is clearly misleading. There were no fee negotiations, there were no hourly rate discussions, and there were no "discussions" about a fee cap. Counsel set and Debtor accepted a

"flat fee" as memorialized in the first and as updated in the first amended plans as signed by Debtor and filed by Counsel.

14. Debtor asserts that an express agreement exists for full representation, to completion in this matter, and that Counsel's withdrawal, without cause, is a breach of that agreement causing damages to Debtor well beyond the disputed fees.

**WHEREFORE**, Debtor, Robert Allen Gibson, respectfully requests that this Court deny Counsel's Application and Supplement for Compensation for Professional Services or Reimbursement of Expenses by Attorney for Chapter 13, or alternatively schedule an evidentiary hearing in the matter, along with such further relief this Court deems just and proper.

By: _____
Robert A. Gibson
2385 NW Executive Center Dr. Ste. 100
Boca Raton, FL  33431
intelexigent@gmail.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 10th day, July 2024, a copy of the foregoing was furnished via first class U.S. Mail upon:

BRIAN K. MCMAHON, ESQ
1401 FORUM WAY, STE. 730
WEST PALM BEACH, FL  33401
*Attorney for Debtor(s)*

ROBIN R. WEINER
PO BOX 559007
FT. LAUDERDALE, FL 33355
*Trustee*

UNITED STATES TRUSTEE
OFFICE OF THE U.S TRUSTEE
51 S.W. 1ST AVE. SUITE1204
MIAMI, FL 33130
*U.S. Truste*

By: _____
Robert A. Gibson

3

## **CERTIFICATE OF VERIFICATION**

I have read, verify and affirm under penalty of perjury the foregoing to be true and correct to the best of my knowledge and where so stated or implied by context, to my direct and personal knowledge.

By: _____

Robert A. Gibson

STATE OF FLORIDA            )
COUNTY OF BROWARD    )

Sworn to (or affirmed) and subscribed before me this 10th day of July 2024, by Robert A. Gibson, who signed the foregoing in my presence and produced his State of Florida, Private Investigator License #2000695, as identification.

_____
Notary Public

Isabel Sanchez
Comm.: HH 356925
Expires: February 1, 2027
Notary Public - State of Florida