UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

Case No.: 23-16430-BKC-MAM
Chapter 13 Proceeding

GIBSON, ROBERT

    Debtor.
_____/

**CREDITOR'S, JOSEPH KARAM, KELLY LANDERS AND DICK DWYER, JOINDER IN STANDING CHAPTER 13 TRUSTEE'S MOTION TO DISMISS AND REQUESTING IMPOSITION OF 180-DAY PREJUDICE PERIOD**

COME NOW Creditors, Joseph Karam, Kelly Landers and Dick Dwyer, hereinafter "Movants," by and through undersigned counsel, and file this their Joinder in Standing Chapter 13 Trustee's Motion to Dismiss and Requesting Imposition of 180-Day Prejudice Period, and state:

1. This Chapter 13 case was filed August 15, 2023 by Robert Gibson ("Debtor") with the aid of competent counsel. The instant Chapter 13 bankruptcy is only one of approximately four (4) prior bankruptcies filed by the Debtor since 2003.

2. In reliance upon the allegations contained in the Chapter 13 Trustee's Motion to Dismiss **(DE#147),** the Debtor has failed to tender all Chapter 13 plan payments under his Chapter 13 plan. In fact, it is believed thatthe only payment the Debtor has made under his Chapter 13 plan was the initial payment, which was made to avoid dismissal of the case at the 11 U.S.C. § 341 First Meeting of Creditors.

3. It is further asserted that, after making the initial payment, the Debtor failed and refused to make the October 15, 2023 payment, and all subsequent payments thereafter. As such, upon information and belief, the Debtor is ten (10) payments in arrears under his current Chapter 13 plan.

4. On July 18, 2024, the Standing Chapter 13 Trustee filed a Motion to Dismiss **(DE#147)** based upon Debtor's failure to make plan payments as required by 11 USC 1307.

5. Movants are individuals that possess separate claims against the Debtor, two of which are the result of allegedly unlawful assignment agreements solicited by Debtor which Movants executed after being advised by Debtor that they were necessary for Debtor to represent them in litigation.

6. Movants join in the Chapter 13 Trustee's request for dismissal for the aforementioned reasons.  However, based upon the number of prior bankruptcies filed by this Debtor, the fact the Debtor filed the instant bankruptcy on the eve of a hearing where the Creditors would have obtained an adverse ruling against the Debtor, and the bad faith that is evident from the complete disregard for the Bankruptcy Code, the Creditors assert that upon dismissal, it would be appropriate for the Court to impose a 180-day prejudice period.

7. By imposing such a prejudice period, the Court will prevent the Debtor from further abusing the bankruptcy process, by refiling a subsequent bankruptcy for the sole purpose of preventing a legitimate creditor from proceeding in another venue[1].

8. Based upon the foregoing facts, the Creditors respectfully join the Chapter 13 trustee's request for dismissal of the instant Chapter 13.  Moreover, the Creditors respectfully request that along with dismissal, this Court also impose a 180-day prejudice as to the Debtor for filing any subsequent bankruptcy.

WHEREFORE the Creditors, Joseph Karam, Kelly Landers and Dick Dwyer, respectfully request that the Court enter an Order, dismissing the pending Chapter 13 proceeding with prejudice for a period of 180 days, plus grant such other and further relief as the Court deems just and proper.

SISKIND, PLLC
3465 Santa Barbara Drive
Wellington, FL 33414
Tel: 561-791-9565
Fax: 561-751-9581

By:      /s/Jeffrey M. Siskind
         Jeffrey M. Siskind, Esq.
         FL Bar ID: 138746

---

[1] It has been determined the filing of a bankruptcy for the sole purpose of preventing a legitimate creditor from proceeding in another venue is bad faith. See In re Ricci, 456 B.R. 89 (Bankr. M.D. Fla. 2009) (One factor considered by the Court in determining bad faith was the timing of the debtor's filing, which evidenced an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.)

## CERTIFICATE OF SERVICE

This shall certify that the foregoing Joinder was served electronically upon all appropriate parties registered on CM/ECF and by U.S. Mail to all other creditors shown on the attached Mailing Matrix upon the filing hereof this 29th day of July, 2024.

                                */s/ Jeffrey M. Siskind*

                        Jeffrey M. Siskind, Esq.   FBN 138746

**Service List (Updated 3-30-2024)|**

Palm Isles I Condominium Association, Inc.
c/o Sachs Sax Caplan, P.L.
6111 Broken Sound Parkway NW
Suite 200
Boca Raton, FL 33487-3644||

Sovereign Gaming & Entertainment, LLC
3465 Santa Barbara Drive
Wellington, FL 33414-7269

U.S. Bank National Association
c/o Diaz Anselmo & Associates, P.A
P.O. Box 19519
Fort Lauderdale, FL 33318-0519

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Dick Dwyer and Florida Investigators
c/o Siskind Legal PLLC
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Focus Financial Services
Attn: Bankruptcy
PO Box 1050
Boynton Beach, FL 33425-1050

Goldman Sachs Bank USA
Attn: Bankruptcy
Lockbox 6112
PO Box7247
Philadelphia, PA 19170-0001

JPMorgan Chase Bank, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001-9013

Joseph Karam
785 8th Court, Unit 8
Vero Beach, FL 32962-1635

Kelly Landers
c/o Jeffrey M Siskind, Esq
Siskind, PLLC
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Richard Fairchild
c/o White-Boyd Law, PA
1818 S. Australian Avenue, Suite 406
West Palm Beach, FL 33409-6447

Wells Fargo
Chalres W. Scharf, President
420 Montgomery Street
San Francisco, CA 94104-1207

William LaRoque
c/o Jeffrey Siskind
3465 Santa Barbara Drive
Wellington, FL 33414-7269

Ethan Michael Bendavid
c/o Law Office of Mark S. Roher, P.A.
1806 N. Flamingo Rd.|Ste 300
Pembroke Pines, FL 33028-1032||

Richard Fairchild
PO Box 5798
Lake Worth, FL 33466-5798

Robin R Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355-9007